## In re WITNESS FEES FOR PRISONER.

### Grand Jury No. 81–421–2.

United States District Court,
E. D. Pennsylvania.

March 1, 1982.

## MEMORANDUM

GILES, District Judge.

A state prisoner (the "witness") subpoenaed to give evidence before a federal grand jury moves for payment, by the government, of witness attendance fees pursuant to 28 U.S.C. § 1821(b) (Supp. II 1978). For the reasons which follow, the motion is denied.

Under 28 U.S.C. § 1821:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.

. . . .

(b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.[1]

The witness was in attendance four days, and clearly would be entitled to one-hundred-twenty dollars had he not been incarcerated. Thus, this motion poses only a narrow legal question; whether a prisoner serving a sentence is entitled to witness fees.

The parties cite, and my research reveals, only three court cases touching on this is-

---

1. In addition to attendance fees, the statute provides witnesses with travel expenses, 28 U.S.C. § 1821(c), and a subsistence allowance.

*Id.* § 1821(d). The witness has not requested these costs.

sue. In *Hurtado v. United States*, 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973), the Court held that people detained as material witnesses[2] were entitled to reimbursement for each day of detention, rather than merely for the days which they actually spent in the courtroom. *Id.* 586–87, 93 S.Ct. at 1162–63. In *Meadows v. United States Marshal*, 434 F.2d 1007 (5th Cir. 1970) (per curiam), the court denied attendance fees for federal prisoners serving as witnesses. The court, quoting the trial judge's order, noted that no authority supported the proposition that prisoners are entitled to such compensation, and reasoned that because "prisoners are in the custody of the Attorney General ... they are not in a position similar to ordinary witnesses who must incur private costs in order to testify." *Id.* 1008. In *Marchese v. United States*, 453 F.2d 1268 (Ct.Cl.1972), fees were denied to a state prisoner for his federal-court testimony. The court relied on *Meadows*, the long history of government refusal to pay attendance fees for prisoners, and legislative intent. *Id.* 1270–71. According to *Marchese*, "Congress was thinking only of the class which would normally be in a position to incur costs or suffer losses— those not in custody." *Id.* 1271.

The witness maintains that the statutory language mandates payment of attendance fees for all witnesses. Citing 28 U.S.C. § 1821(d)(1) & (e),[3] he argues that Congress knew how to create exemptions to mandatory language; if Congress had intended to exempt prisoners from § 1821(b), it could have done so. He also argues that *Hurtado* stands for the proposition that incarcerated witnesses are entitled to fees, and thus implicitly overrules *Meadows* and *Marchese*. Finally, he finds support in the legislative

history of post-*Hurtado* revisions to § 1821. The House Report on the 1978 amendments states that the $30 per day fee "is not intended as a reimbursement for lost income, witness service being a public obligation for which the Government is not required to provide compensation. However, as a matter of public policy the Government ought not to take the time of citizens, any more than their property without reasonable compensation."[4] The witness argues that this language applies to unincarcerated citizens and prisoners alike.

The government relies on *Meadows* and *Marchese*. It argues that *Hurtado* is inapposite, because the witnesses there were incarcerated only because they were witnesses. The witness here, however, is incarcerated because he is serving a sentence. The government also relies on the legislative history, citing H.R.Rep.No.95–1651, *supra* note 4, at 2, *reprinted in* 1978 U.S.Code, Cong. & Ad.News at 4631, for the proposition that purpose of § 1821 is to "compensate the average witness for ... actual costs."

I agree with the government's reading of *Hurtado*. The witness's quotation of language that the attendance fee "is payable to any witness, incarcerated or not," 410 U.S. at 590, 93 S.Ct. at 1164, is out of context. The rationale of *Hurtado* is that a person detained as a material witness "is in the same position as a non-incarcerated witness." *Id.* at 587, 93 S.Ct. at 1163. A detainee's inability to conduct his affairs as an ordinary citizen results solely from the fact that he is a witness who cannot afford bail. A prisoner's incarceration stems from other causes. He is not "in the same position as a non-incarcerated witness." This is the basis of the holdings in *Meadows* and

**2.** The *Hurtado* witnesses were detained under former Fed.R.Crim.Pro. 46(b), *superseded*, 18 U.S.C. § 3149.

**3.** Paragraph (d)(1) requires that a "subsistence allowance shall be paid to a witness (other than a witness who is incarcerated)." Paragraph (e) provides that illegal aliens are ineligible to receive fees. If this provision had existed in

1973, the *Hurtado* witnesses would not have been entitled to fees because they were illegal aliens. *See Hurtado*, 410 U.S. at 579, 93 S.Ct. at 1159; note 6 *infra*.

**4.** H.R.Rep.No.95–1651, 95th Cong., 2d Sess. 3, *reprinted in* 1978 U.S.Code, Cong. & Ad.News 4631, 4632.

*Marchese* and the long-standing refusal to pay attendance fees to prisoners.[5]

Although the legislative history contains no explicit statement on this issue, it does support denial of fees to prisoners. The language cited by the parties is inconclusive, as is the legislative history prior to 1978. *See Hurtado*, 410 U.S. at 586 n.7, 93 S.Ct. at 1162 n.7. I find the House and Senate reports' discussion of *Hurtado* to be more helpful. That discussion shows that Congress read *Hurtado* as requiring witness fees for material witnesses detained pursuant to 18 U.S.C. § 3149, rather than any other category of detainees and witnesses.[6] In accord with that reading, Congress increased the attendance fee, and excluded illegal aliens from receiving any fees, in order to "provide more reasonable compensation for the inconvenience and financial hardships which detention entails." *See* note 6 *supra*. Because attendance by a prisoner entails no such inconvenience or hardship, I conclude that Congress did not intend witness fees to be paid to prisoners.

In accord with the purposes behind the fees, Congressional intent, apposite case law, and long-standing Treasury policy, attendance fees cannot be granted to prisoners. Therefore, the witness's motion will be denied. A separate, impounded order will issue.

---

**5.** "There is no provision of law for the payment of witness fees to a person imprisoned in a penitentiary or jail, except in the case of a person who is detained in prison for want of security for his appearance." 6 Dec.Comp. Treas. 588, 588 (1900) (quoting J.K. Thompson, 9 MS Dec. 860 (1899) (unpublished Comptroller's opinion)); *see Marchese*, 453 F.2d at 1271.

**6.** The relevant portion of both committee reports reads:

Section 3149 of title 18, United States Code, permits detention of a witness whose testimony is material in a criminal proceeding, whose appearance it may be impracticable to secure by subpena, and who cannot comply with the conditions of release which 18 U.S.C. 3146 permits a court to impose. Pursuant to 28 U.S.C. 1821, such a witness receives a fee of $1 per day, in addition to subsistence, for each day of confinement. The Supreme Court in *Hurtado v. United States*, 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973), has ruled that section 1821 also entitles such a witness to an attendance fee (now $20) for each day of confinement during which the pertinent trial or other proceeding is in session.

Although Congress has adjusted other witness fees and allowances to reflect increasing costs, it has made no change in the $1 compensation for incarcerated witnesses. Under 18 U.S.C. 3149, the detention of material witnesses whose testimony "can adequately be secured by deposition" and the further detention of whom "is not necessary to prevent a failure of justice" is prohibited. Ironically, present statutes restrict the category of witnesses upon whom courts may impose the burdens of incarceration but do not provide reasonable compensation to those upon whom such burdens fall.

The proposed legislation amends 28 U.S.C. 1821 to provide that a material witness (other than an illegal alien) shall receive a daily attendance fee for each day of his confinement. This approach would not only provide more reasonable compensation for the inconvenience and financial hardships which detention entails but would eliminate the peculiarities of the system of compensation which the Supreme Court mandated by its decision in *Hurtado*.

H.R.Rep.No.95–1651, *supra* note 4, at 5, *reprinted in* 1978 U.S.Code Cong. & Ad.News at 4634; *accord* S.Rep.No.95–756, 95th Cong., 2d Sess., 3–4 (1978).