961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 George E. CHATFIELD, Petitioner-Appellant,
v.
CLERK OF the DISTRICT COURT; US Attorney, Respondents-Appellees.
 No. 91-1405.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 George E. Chatfield appeals the dismissal of his "Petition for Writ of Mandamus to Compell [sic] Respondents to Pay Witness Fees Prescribed by United States Statutes" by which he seeks witness fees pursuant to the authority of Demarest v. Manspeaker, 111 S.Ct. 599 (1991).
 
 
 3
 Upon a careful review of the record, including the pleadings and arguments of the petitioner, we affirm substantially on the grounds and for the reasons set forth in the district court's Order of Dismissal filed November 8, 1991, a copy of which is attached hereto and incorporated by this reference.
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF COLORADO
 Civil Action No. 91-F-1954
 
 5
 George E. Chatfield, Petitioner,
 
 
 6
 v.
 
 
 7
 Clerk of the District Court and the U.S. Attorney, Respondents.
 
 ORDER OF DISMISSAL
 
 8
 (Nov. 8, 1991)
 
 SHERMAN G. FINESILVER, Chief Judge
 
 9
 Plaintiff George E. Chatfield currently is in the custody of the Colorado Department of Corrections at Shadow Mountain Correctional Facility, Canon City, Colorado. He has tendered a pro se complaint in the nature of mandamus pursuant to the Mandamus and Venue Act of 1962, codified at 28 U.S.C. § 1361 (1976), and Fed.R.Civ.P. 81(b). He also has tendered a motion for leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915 (1966 & Supp.1991). The motion is granted. The complaint is filed. It will not, however, be served on defendants.
 
 
 10
 Mr. Chatfield claims that, under Demarest v. Manspeaker, 111 S.Ct. 599 (1991), he is entitled to the payment of $630.00 for serving as a witness to the defendant in United States v. Tippett, No. 87-Cr-386 (D.Colo. Apr. 15, 1988), which was consolidated on appeal with Demarest v. Manspeaker, 884 F.2d 1343 (10th Cir.1989). He asks that this court direct its clerk to pay him the fees allegedly owed.
 
 I. FACTS
 
 11
 Mr. Chatfield states that, when he was an inmate at Fremont Correctional Facility in Canon City, he was subpoenaed by Mr. Tippett to serve as a witness in No. 87-CR-386. He further states that he was transported by the United States Marshal's Office on March 3, 1991, to Denver County, Colorado, Jail, by writ of habeas corpus ad testificandum, and held there for the purpose of giving testimony until March 24, 1988, when he was returned to the prison.
 
 
 12
 He contends that, at his request, the attorney appointed by the court to represent him attempted to obtain witness fees, and that the request was denied by the United States Attorney's Office in Denver and by the clerk of this court. He asserts that he asked the attorney to appeal from that denial, and alleges that "apparently he did not." Mr. Chatfield argues that, since Mr. Demarest, who also was a witness at the trial, did appeal from this court's denial of witness fees, and since the United States Supreme Court found that Mr. Demarest was entitled to such fees, that plaintiff, too, should be entitled to such fees.
 
 II. LEGAL DISCUSSION AND CONCLUSION
 
 13
 A complaint must stand unless it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim or claims that would entitle him to relief. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). This is especially true when the complaint is pro se. However inartfully drafted, a pro se complaint is held to a less stringent standard than a formal pleading drafted by a lawyer. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979).
 
 
 14
 Demarest v. Manspeaker, 111 S.Ct. 599 (1991), rev'g, 884 F.2d 1343 (10th Cir.1989), held that a convicted state prisoner who testified at a federal trial pursuant to a writ of habeas corpus ad testificandum is entitled to the payment of witness fees. As previously stated, Mr. Chatfield claims that, under Demarest v. Manspeaker, he, too, is entitled to such payment. He requests that the court order its clerk to pay him the witness fees pursuant to 28 U.S.C. §§ 1821(a)(1)[1] and 1825(a)[2], (b)(2)[3] (Supp.1991).
 
 
 15
 Under 28 U.S.C. § 1361, a federal district court has jurisdiction of a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361 is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendants owe him a clear nondiscretionary duty. Hecker v. Ringer, 466 U.S. 602, 616-17 (1984). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (citations omitted). The United States Court of Appeals for the Tenth Circuit has held that to grant mandamus relief, the court must find (1) that the plaintiff has a clear right to the relief sought, (2) that the defendants have a plainly defined and peremptory duty to do the action in question, and (3) that no other adequate remedy is available. Wilder v. Prokop, 846 F.2d 613, 620 (10th Cir.1988); Hadley Memorial Hosp., Inc. v. Schweiker, 689 F.2d 905, 912 (10th Cir.1982). See also Schulke v. United States, 544 F.2d 453, 455 (10th Cir.1976).
 
 
 16
 The extraordinary remedy of mandamus is inappropriate in the instant case. Mr. Chatfield has no clear right to the relief sought under 28 U.S.C. § 1821. His entire argument that he is entitled to witness fees is founded upon the awarding of such fees to the plaintiff in Demarest v. Manspeaker, 111 S.Ct. 599 (1991). On April 10, 1991, § 1821 was amended by Pub.L. 102-27, Title II, § 102, 105 Stat. 136 to provide that:
 
 
 17
 Notwithstanding 28 U.S.C. 1821, no funds appropriated to the Department of Justice in fiscal year 1991 or any prior fiscal year shall be obligated or expended to pay a fact witness fee to a person who is incarcerated testifying as a fact witness in a court of the United States, as defined in paragraph (a)(2) of section 1821, 28 United States Code: Provided, That the one exception to the preceding prohibition is the fact witness fee decided in United States Supreme Court case No. 89-5916, Richard Demarest, Petitioner v. James Manspeaker et al. on January 8, 1991.
 
 
 18
 Moreover, like Mr. Demarest, Mr. Chatfield could have appealed from the decisions in Demarest v. Manspeaker, No. 87-CR-386 (D.Colo. June 1, 1988) (unpublished), aff'd, 884 F.2d 1343 (10th Cir.1989). He did not. Filing the instant mandamus action does not cure his or his court-appointed attorney's failure to do so. See, e.g., Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991) (habeas corpus petitioner must bear the risk of attorney error resulting in a procedural default).
 
 
 19
 The complaint is legally frivolous under 28 U.S.C. § 1915(d), because it lacks an arguable basis either in fact or in law. See Neitzke v. Williams, 490 U.S. 319, 325-27 (1989); Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir.1991). Alternatively, the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6); McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991). The complaint is dismissed.
 
 ACCORDINGLY, it is ORDERED that:
 
 20
 (1) The motion for leave to proceed without prepayment of fees and costs is granted;
 
 
 21
 (2) The complaint is dismissed under 28 U.S.C. § 1915 as legally frivolous; alternatively the complaint is dismissed for failure to state a claim upon which mandamus relief under 28 U.S.C. § 1361 can be granted;
 
 
 22
 (3) The complaint and the action are dismissed.
 
 BY THE COURT:
 
 23
 /s/ SHERMAN G. FINESILVER, Chief Judge
 
 United States District Court
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 1821 provides in pertinent part: "(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section."
 
 
 [2]
 Section 1825 provides in pertinent part: "(a) In any case in which the United States or an officer or agency of the United States is a party, the United States marshal for the district shall pay all fees of witnesses on the certificate of the United States attorney or assistant United States attorney, and in the proceedings before a United States magistrate, on the certificate of such magistrate, except that any fees of defense witnesses, other than experts, appearing pursuant to subpoenas issued upon approval of the court, shall be paid by the United States marshal for the district--(1) on the certificate of a Federal public defender or assistant Federal public defender, in a criminal case in which the defendant is represented by such Federal public defender or assistant Federal public defender, and (2) on the certificate of the clerk of the court upon the affidavit of such witnesses' attendance given by other counsel appointed pursuant to section 3006A of title 18 in a criminal case in which a defendant is represented by such other counsel."
 
 
 [3]
 Section 1825 provides in pertinent part: "(b) in proceedings in forma pauperis for a writ of habeas corpus, ... the United States marshal for the district shall pay, on the certificate of the district judge, all fees of witnesses for the party authorized to proceed in forma pauperis, except that any fees of witnesses for such party, other than experts, appearing pursuant to subpoenas issued upon approval of the court, shall be paid by the United States marshal for the district--(2) on the certificate of the clerk of the court upon the affidavit of such witnesses' attendance given by other counsel appointed pursuant to section 3006A of title 18, in any such proceedings in which a party is represented by such other counsel."