DEMAREST *v.* MANSPEAKER ET AL.

No. 89–5916.   Argued November 6, 1990—Decided January 8, 1991

REHNQUIST, C. J., delivered the opinion for a unanimous Court.

*James E. Scarboro*, by appointment of the Court, 495 U. S. 928, argued the cause for petitioner. With him on the briefs were *Alfred T. McDonnell* and *David C. Warren*.

*Michael R. Lazerwitz* argued the cause for respondents. With him on the brief were *Solicitor General Starr*, *Acting Assistant Attorney General Keeney*, and *Deputy Solicitor General Bryson*.

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

The question presented is whether 28 U. S. C. § 1821 requires payment of witness fees to a convicted state prisoner who testifies at a federal trial pursuant to a writ of habeas corpus *ad testificandum*. The Court of Appeals for the Tenth Circuit concluded that it does not. We disagree and conclude that it does.

In March 1988, petitioner Richard Demarest, an inmate in a Colorado state correctional facility, was summoned to appear as a defense witness in a federal criminal trial. He was transported by a United States marshal to the Denver County Jail pursuant to a writ of habeas corpus *ad testificandum* which had been issued by the United States District Court for the District of Colorado. Demarest testified on the 8th day of the 11-day trial and remained in the custody of federal marshals throughout that period. After completing his testimony, Demarest sought fees as a "witness . . . in attendance," pursuant to 28 U. S. C. § 1821 for the eight days that he was available to testify and the two days that he spent in transit to and from the Denver County Jail.

In accordance with 28 U. S. C. § 1825(a), petitioner requested that the Clerk of the District Court, respondent James Manspeaker, certify that petitioner was entitled to receive witness fees, and forward that certification to the United States marshal for payment of the fee. Respondent forwarded petitioner's request to the United States attorney, who in turn denied petitioner's request for certification on the ground that § 1821(a) does not entitle prisoners to receive witness fees. Demarest subsequently sought a writ of mandamus requesting the District Court to order Manspeaker to certify his request for fees. The District Court dismissed the petition, agreeing with respondent that § 1821 does not authorize the payment of witness fees to prisoners.

The United States Court of Appeals for the Tenth Circuit affirmed by a divided vote. 884 F. 2d 1343 (1989). The court held that while the language of § 1821 was "unqualified," other evidence revealed that Congress did not intend to permit prisoners to receive witness fees. We granted certiorari, 495 U. S. 903 (1990), in order to determine whether a convicted state prisoner brought to testify at a federal trial by virtue of a writ of habeas corpus *ad testificandum* is entitled to witness fees under § 1821.

In deciding a question of statutory construction, we begin of course with the language of the statute. Section 1821 provides as follows:

> "(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States . . . shall be paid the fees and allowances provided by this section.

> . . . . .

> "(b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

> . . . . .

> "(d)(1) A subsistence allowance shall be paid to a witness (other than a witness who is incarcerated) when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

> . . . . .

> "(e) An alien who has been paroled into the United States for prosecution, pursuant to section 212(d)(5) of the Immigration and Nationality Act (8 U. S. C. 1182(d) (5)), or an alien who either has admitted belonging to a class of aliens who are deportable or has been determined pursuant to section 242(b) of such Act (8 U. S. C. 1252(b)) to be deportable, shall be ineligible to receive the fees or allowances provided by this section."

Subsection (a)(1) provides that a "witness in attendance at any court of the United States" shall be paid fees. Subsection (b) provides that "a witness shall be paid an attendance fee of $30." Subsection (d)(1) provides for subsistence fees to witnesses, but excepts those who are incarcerated. Subsection (e) excludes paroled or deportable aliens from eligibil-

ity for fees. We think this analysis shows that Congress was thinking about incarcerated individuals when it drafted the statute, since it excluded them from eligibility for subsistence fees. We believe subsection (e) removes all doubt on this question, since Congress expressly excepted another class of incarcerated witnesses—detained aliens—from eligibility for fees. The conclusion is virtually inescapable, therefore, that the general language "witness in attendance at any court of the United States" found in subsection (a)(1) includes prisoners unless they are otherwise excepted in the statute.

Respondents rely on the cognate provisions of 28 U. S. C. § 1825 to sustain the decision below. That section provides:

> "(a) In any case in which the United States . . . is a party, the United States marshal for the district shall pay all fees of witnesses on the certificate of the United States attorney or assistant United States attorney, . . . except that any fees of defense witnesses, other than experts, appearing pursuant to subpoenas issued upon approval of the court, shall be paid by the United States marshal for the district—
>
> .        .        .        .        .
>
> "(2) on the certificate of the clerk of the court upon the affidavit of such witnesses' attendance given by . . . counsel appointed pursuant to section 3006A of title 18, in a criminal case in which a defendant is represented by such . . . counsel."

Respondents first argue that Demarest did not satisfy the requirements of 28 U. S. C. § 1825 because he failed to allege that he appeared pursuant to a subpoena or that he had obtained an affidavit regarding his attendance from the defendant's counsel. Respondents contend that these defects in petitioner's certification request constitute an independent basis for the Clerk's decision to withhold certification, and thus we need not reach the question whether petitioner would have been entitled to fees had he made a proper petition. Respondents raised these alleged defects for the first

time in this Court, after our grant of certiorari. Respondents did not raise this question in the courts below, and we decline to consider it here for the first time. *Lytle* v. *Household Mfg., Inc.*, 494 U. S. 545, 551–552, n. 3 (1990).

On the merits, respondents argue that the language of § 1825, considered *in pari materia* with § 1821, modifies the language of that section in a manner which justifies exclusion of prisoners from the witness fee provisions of that section. While conceding that § 1821 applies to all witnesses in attendance, respondents urge that § 1825(a)'s reference to subpoenas imports a highly particularized meaning to the words "in attendance." Respondents observe that § 1825(a) requires the clerk of the court to certify and pay attendance fees to defense witnesses "appearing pursuant to subpoenas issued upon approval of the court." Respondents read this language to be exclusive. Therefore, they reason that since prisoners are technically "produced" under a writ of habeas corpus *ad testificandum*, rather than summoned by a subpoena, they are not the types of defense witnesses entitled to fees within § 1821.

Although respondents' reading of these two sections is literally plausible, it is inconsistent with respondents' own concessions and with our decision in *Hurtado* v. *United States*, 410 U. S. 578 (1973). Respondents admit that defense witnesses who appear other than by subpoena—by nothing more than verbal arrangement among the parties—are routinely paid witness fees. And in *Hurtado*, we upheld the right of material witnesses who were detained pursuant to former Federal Rule of Criminal Procedure 46(b) to receive witness fees. These witnesses were not subpoenaed, but were detained pursuant to the Rule because of their inability to give security for appearance. 410 U. S., at 579, n. 1.

Respondents nonetheless maintain that these are exceptions to the sort of "process" which they conceive to be a necessary element of being "in attendance" at court under § 1821(a)(1). But by this point the concept urged by re-

spondents comes to mean no more than "summoned by means other than a writ of habeas corpus *ad testificandum.*" Not only is there no support in the statutory language for this view, but respondents' construction would lead to the anomaly that prisoners summoned to testify for the Government would receive fees — since § 1825(a) does not require such witnesses to appear personally by subpoena—while witnesses summoned by the defendant would not receive fees.

The Court of Appeals, while agreeing that the statutory analysis outlined above was "[o]n its face . . . an appealing argument," 884 F. 2d, at 1345, relied on longstanding administrative construction of the statute denying attendance fees to prisoners, and two Court of Appeals decisions to the same effect,* followed by congressional revision of the statute in 1978.

But administrative interpretation of a statute contrary to language as plain as we find here is not entitled to deference. See *Public Employees Retirement System of Ohio* v. *Betts*, 492 U. S. 158 (1989). There is no indication that Congress was aware of the administrative construction, or of the appellate decisions, at the time it revised the statute. Where the law is plain, subsequent reenactment does not constitute an adoption of a previous administrative construction. *Leary* v. *United States*, 395 U. S. 6, 24–25 (1969).

When we find the terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances. *Burlington Northern R. Co.* v. *Oklahoma Tax Comm'n*, 481 U. S. 454, 461 (1987); *Rubin* v. *United States*, 449 U. S. 424, 430 (1981); *TVA* v. *Hill*, 437 U. S. 153, 187 (1978). We do not believe that this is one of those rare cases where the application of the statute as written will produce a result "demonstrably at odds with the intentions of its drafters." *Griffin* v. *Oceanic Contractors, Inc.*, 458 U. S. 564,

---

*\*Meadows* v. *United States Marshal, Northern District of Georgia*, 434 F. 2d 1007 (CA5 1970), cert. denied, 401 U. S. 1014 (1971); *In re Grand Jury Matter (Witness RW)*, 697 F. 2d 103 (CA3 1982).

571 (1982). There may be good reasons not to compensate prisoners for testifying at federal trials; they are seldom gainfully employed in prison, and therefore do not suffer the loss of income from attendance which many other witnesses do. But the same is true of children and retired persons, who are clearly entitled to witness fees under the statute and customarily receive them. We cannot say that the payment of witness fees to prisoners is so bizarre that Congress "could not have intended" it. *Id.*, at 575.

The judgment of the Court of Appeals is

*Reversed.*