**RECOVERY RESOURCES CORPORATION, an Oklahoma corporation, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–5017.

United States Court of Appeals, Tenth Circuit.

April 12, 1991.

Philip S. Haney (R. Scott Savage with him on the briefs) of Moyers, Martin, Santee, Imel & Tetrick, Tulsa, Okl., for plaintiff-appellant.

Janet Kay Jones (Tony M. Graham, U.S. Atty., Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, and Kenneth L. Greene, with her on the brief) of the Dept. of Justice, Washington, D.C., for defendant-appellee.

Before MOORE and EBEL, Circuit Judges, and BROWN, District Judge.*

JOHN P. MOORE, Circuit Judge.

Recovery Resources Corporation appeals from the dismissal of its tax refund claims by the United States District Court for the Northern District of Oklahoma. The District Court held it had no jurisdiction because the claims were filed after the expiration of the statute of limitations. Recovery Resources disputes the starting date of the limitations period for its refund claims. We affirm.

I. Background

As a producer of domestic crude oil, Recovery Resources was subject to the windfall profit tax. I.R.C. §§ 4986–4998 (1982) (repealed 1988). Section 6511(a) defined the statute of limitations for claiming refunds:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is

---

* Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

required to file a return shall be filed by the taxpayers within 3 years from the time the return was filed....

The focus of this dispute is what event constituted the "return" filing triggering the start of the limitations period.

The statute required excise tax returns to be filed for each quarter of a calendar year. I.R.C. §§ 4986(a) and 4996(b)(7); Treas.Reg. § 51.4997–1 (1982). Each return could be filed any time before the end of the second month following the quarter. Treas.Reg. § 51.6076–1. Accordingly, Recovery Resources filed[1] returns for the first three quarters of 1982 on May 31, August 31 and November 30, 1982, respectively; and for the first quarter of 1983 on May 31, 1983.[2]

Recovery Resources filed for its 1982 refund on February 28, 1986, and its 1983 refund on July 26, 1986. The basis for its claims was the net income limitation (NIL), which capped the tax at 90% of net income. I.R.C. § 4988. By definition, the NIL could not be calculated until the end of the year, so taxpayers could not file an NIL refund claim until the end of each federal income tax year. Treas.Reg. § 51.6402–1(b)(2).

## II. Statute of Limitations

Because the NIL refund claim dates are indisputably more than three years after the quarterly tax return filings for the first three quarters of 1982 and the first quarter of 1983, the sole issue before us is whether those filings triggered the statute of limitations. The plain language of § 6511(a) establishes that the filing of a quarterly excise tax return starts the limitations period, whatever the basis for the refund claim. The section defines the return to which a refund claim applies as the one filed for the "tax imposed by this title." Thus, it is inescapable that the "return" to which

§ 6511(a) applies cannot be the taxpayer's annual income tax return as Recovery Resources contends.[3]

Recovery Resources complains that the statute of limitations should not begin running before it can calculate the NIL, but that is the restriction provided by Congress. When the terms of a statute are unambiguous, we do not create exceptions or modifications. *See Demarest v. Manspeaker*, — U.S. —, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991). We hold that Recovery Resources' refund claims are barred by the statute of limitations.

AFFIRMED.

---

**1.** In general, the windfall profit tax was collected through a withholding scheme, in which the first purchaser of the oil withheld the tax from the price to be paid to the producer and filed the tax returns. Recovery Resources, a producer, elected to become a "qualified disburser" under Treas.Reg. § 51.4995–5, which meant it filed its own tax returns.

**2.** Refunds for the final quarter of 1982 and the last three quarters of 1983 are not disputed here.

**3.** Compare § 6511(h) which specifically defines the annual income tax return as the applicable return for oil subject to withholding, for which the producer does not file excise tax returns. As described in footnote 1, Recovery Resources' oil is not subject to withholding.