53 F.3d 327
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Brian J. RAINERI, Sr., Defendant, Appellant.
 No. 94-2010.
 United States Court of Appeals,
First Circuit.
 May 3, 1995.
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Shane Devine, Senior U.S. District Judge ]
 Brian J. Raineri, Sr. on brief pro se.
 Paul M. Gagnon, United States Attorney, and Peter E. Papps, First Assistant United States Attorney, on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Although appellant raises a number of issues in his brief, we have jurisdiction solely over his appeal from a district court order denying his request to be certified as a witness for payment of fees pursuant to the provisions of 28 U.S.C. Sec. 1821. We affirm for the reasons stated by the district court in its order dated August 29, 1994, adding the following comments.
 
 
 2
 Pursuant to 28 U.S.C. Sec. 1821, as amended by the Incarcerated Witness Fees Act, a witness who is incarcerated at the time he testifies may not receive witness fees. 28 U.S.C. Sec. 1821(f) (1992). The legislative history behind this amendment, which became effective October 14, 1992, indicates that its purpose is to avoid payment of witness fees to those who, by virtue of their incarceration, already have their expenses paid by the taxpayer. See H.R. Rep. No. 194, 102d Cong., 2d Sess. 2 (1991), reprinted in 1992 U.S.C.C.A.N. 1465, 1466. Since its purpose is not punitive, the amendment does not violate the Ex Post Facto Clause of the Constitution. Cf. Peeler v. Heckler, 781 F.2d 649, 651-52 (8th Cir. 1986) (suspending social security benefits of incarcerated felons furthers a nonpunitive goal and, therefore, does not violate the Ex Post Facto Clause). Appellant's equal protection challenge to the amendment is waived because it was not raised in his opening brief. See, e.g., Sandstrom v. Chemlawn Corp., 904 F.2d 83, 86 (1st Cir. 1990). We add, however, that this challenge fails because "[i]t is hardly irrational to deny fees and allowances to prisoner witnesses." Moran v. United States, 18 F.3d 412, 413 (7th Cir. 1994).
 
 
 3
 We also note that contrary to appellant's suggestion, he would not have received witness fees for testimony he gave in 1992 prior to the effective date of the amendment, even if he had applied for them immediately. Within months after the Supreme Court, in Demarest v. Manspeaker, 498 U.S. 184 (1991), held that Sec. 1821 did not except prisoners from entitlement to witness fees, Congress passed appropriations legislation which provided in pertinent part that "[n]otwithstanding 18 U.S.C. 1821, no funds appropriated to the Department of Justice in fiscal year 1991 or any prior fiscal year shall be obligated or expended to pay a fact witness fee to a person who is incarcerated testifying as a fact witness in a court of the United States." Dire Emergency Supplemental Appropriations for Consequences of Operation Desert/Storm, Food Stamps, Unemployment Compensation Administration, Veterans Compensation and Pensions, and Other Urgent Needs Act of 1991, Pub. L. No. 102-27, Tit. II Sec. 102, 105 Stat. 130, 136. Similar provisions were contained in appropriations legislation for fiscal year 1992, see Departments of Commerce, Justice, and State, the Judiciary, and Related Appropriations Act of 1992, Pub. L. No. 102-140, Tit. I, Sec. 110, 105 Stat. 782, 795 (1991), and fiscal year 1993, see Departments of Commerce, Justice, and State, the Judiciary, and Related Appropriations Act of 1993, Pub. L. No. 102-395, Tit. I, Sec. 108, 106 Stat. 1828, 1841 (1992).
 
 
 4
 Affirmed.