**LYNG MOTORS & SERVICE, INC., et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–CV–0055.**

United States District Court, N.D. New York.

April 25, 1996.

---

Siegel, Mandell Law Firm, New York City for plaintiffs (Brian S. Goldstein and Laurence M. Friedman, of counsel).

Thomas J. Maroney, Office of the United States Attorney, Albany, NY, for defendant (James C. Woods, of counsel).

**MEMORANDUM–DECISION & ORDER**

McAVOY, Chief Judge.

## I. BACKGROUND

The plaintiff, LYNG MOTORS & SERVICE, INC., brings this action pursuant to 28 U.S.C. § 1346(a)(2), and alleges that the United States Customs Service acted *ultra vires* when it charged plaintiff for administrative costs and charges relating to the processing of plaintiff's property that had been the subject of an administrative seizure. The government, in a motion to dismiss, contends that this court lacks subject matter jurisdiction, that the United States is immune from suit, and that Customs' District Director acted within his statutory authority.

The Complaint states that this is a class action, however, no class has been certified.

On May 26, 1994, and May 27, 1994, a total of twelve automobiles bound for plaintiff from Canada were presented to Customs at the Port of Champlain for importation. The vehicles had been presented with fraudulent papers, and were seized pursuant to 19 U.S.C. § 1595a(c) in that they were being imported in violation of the Clean Air Act, 42 U.S.C. § 7401, and the National Traffic and Motor Vehicle Safety Act, 15 U.S.C. §§ 1392 and 1407. The approximate value of the automobiles exceeded $160,000.00.

The company that had imported the vehicles for plaintiff was Capital Auto Leasing, Inc. In early June, notices of seizure for each six vehicle import violation were sent to Capital, with a copy of each to plaintiff. On July 6, 1994, plaintiff submitted a petition pursuant to the notices of seizure, 19 U.S.C. § 1618, and 19 C.F.R. Part 171, seeking release of the twelve cars to plaintiff. With the petition, the plaintiff submitted a signed Hold Harmless and Release Agreement in which plaintiff agreed to release the United States and its employees from any claims arising out of the release of the twelve vehicles.

In a response dated July 28, 1994, Customs granted the plaintiff's petition and released the twelve vehicles, subject to four conditions.[1] The condition at issue herein is

---

**1.**    1. Capitol was required to sign a release, removing any claim to the vehicles;

   2. The plaintiff was required to sign a Hold Harmless Agreement;

the requirement that the plaintiff be responsible for "accrued storage charges." The accrued storage amount was $9775.62. The plaintiff paid this amount and complied with the other conditions.

In a letter dated August 22, 1994, the plaintiff's counsel complained to Customs that the amount charged seemed excessive. On August 30, 1994, the plaintiff petitioned Customs for a refund of the entire amount. The petition was denied in a response dated September 2, 1994. The plaintiff sought reconsideration of the decision on September 9, 1994. The defendant denied the plaintiff's request, and the plaintiff filed this action, on January 12, 1995.

The court will first determine whether it has jurisdiction over the subject matter of this action. If the court has jurisdiction, it will then examine the arguments raised by the plaintiff.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

■ "'Jurisdiction to determine jurisdiction' refers to the power of a court to determine whether it has jurisdiction over the parties to and the subject matter of a suit. If the jurisdiction of a federal court is questioned, the court has the power and the duty, subject to review, to determine the jurisdictional issue." *Cargill Int'l S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1018 (2d Cir.1993); 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3536 at 535 (2d ed.1984).

In this case, the government contends that this court lacks subject matter jurisdiction to review an administrative decision to mitigate the penalty imposed relating to a seizure and forfeiture pursuant to 19 U.S.C. § 1618. The statute states, in relevant part:

Remission or mitigation of penalties

Whenever any person interested in any ... vehicle ... seized under the provisions of this chapter, or who has incurred, or is alleged to have incurred, any fine or penalty thereunder, files with the ... Commissioner of Customs ... a petition for the remission or mitigation of such fine, penalty, or forfeiture, ... the Commissioner of Customs, if he finds that such fine, penalty, or forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such fine, penalty, or forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just . . .

Moreover, pursuant to 19 C.F.R. § 171.21, the District Director of Customs may:

mitigate or remit fines, penalties, and forfeitures incurred under any law administered by Customs ... on such terms and conditions as, under the law and in view of the circumstances, he shall deem appropriate ...

■ For seized property worth less than $500,000, a forfeiture can be reviewed in either a judicial or an administrative forum. 19 U.S.C. § 1607. If the petitioner chooses the administrative forum, judicial review is waived, and the property is administratively forfeited. 19 U.S.C. § 1608. The claimant may no longer challenge the merits of the forfeiture in court, but may petition the agency for remission and mitigation of the forfeiture. 19 U.S.C. § 1618; *see also, LaChance v. Drug Enforcement Admin.,* 672 F.Supp. 76, 79 (S.D.N.Y.1987). It is well settled that decisions concerning mitigation and remission under 19 U.S.C. § 1618 are committed to the discretion of an agency official and are not subject to judicial review. *See Trayco, Inc. v. U.S.,* 994 F.2d 832, 838 (Fed.Cir.1993); *ARCA Airlines, Ltd. v. United States,* 726 F.Supp. 827, 830 (S.D.Fla. 1989), *aff'd without opinion,* 945 F.2d 413 (11th Cir.1991). However, if the plaintiff is not challenging the merits of such decisions, but the legality of the underlying penalty, the court has jurisdiction to decide the matter. *See Trayco,* 994 F.2d at 838; *Onwubiko v. U.S.,* 969 F.2d 1392, 1398–99 (2d Cir.1992). Thus, for example, if a plaintiff challenges

---

3. The plaintiff was to pay accrued storage charges; and

4. The twelve vehicles were to be exported from the U.S. or imported properly.

the administrative action based on an alleged violation of due process, the court has jurisdiction. *See Onwubiko,* 969 F.2d at 1398–99; *Sterling v. United States,* 749 F.Supp. 1202, 1208 (E.D.N.Y.1990).

■ In this case, the plaintiff alleges that Customs acted *ultra vires,* or beyond the scope of its authority. Specifically, rather than challenge the merits of the decision/mitigation, the plaintiff is challenging the legality of the imposition of a portion of the costs contained in the mitigation penalty or settlement amount. That specific portion of the penalty amount is the prorated amount of costs described by the defendant as administrative overhead relating to the seizure of the twelve vehicles. A claim that an agency is acting *ultra vires* speaks to the legality of the agency's actions. Accordingly, the court has jurisdiction to review such a claim. *See Pac Fung Feather Co., Ltd. v. United States,* 911 F.Supp. 529, 533 (Ct.Int'l Trade 1995); *Franklin Co. Employment & Training Admin. v. Donovan,* 707 F.2d 41, 44 (2d Cir. 1983).

### B. Standard For A Motion To Dismiss Pursuant To Rule 12(b)(6)

■ On a dismissal motion for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the general rule is that the allegations in a plaintiff's complaint are deemed to be true and must be liberally construed in the light most favorable to the plaintiff. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff cannot in any way establish a set of facts to sustain her claim which would permit relief. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Bass v. Jackson,* 790 F.2d 260, 262 (2d Cir.1986).

### C. Scope of Authority

■ This appears to be an issue of first impression in this Circuit. The plaintiff alleges that the defendant, through the actions of Customs, had no statutory or regulatory authority to include the administrative overhead charges in the $9775.62 mitigated penalty amount, paid by the plaintiff as one condition of releasing the seized vehicles. The penalty amount included in the condition was labeled "accrued storage charges." It is the government's position that these accrued storage charges included the overhead charges incurred indirectly by Customs as a result of employing private firms to store seized property. The sole issue to be decided is whether the inclusion of those indirect costs in the mitigated penalty amount was beyond the statutory authority granted by Congress to the District Director of Customs. Thus, the challenge is to the composition of the penalty, not to the imposition of a penalty *per se.* The plaintiff argues that in the absence of explicit statutory or regulatory language permitting the inclusion of such charges, Customs is acting outside of its authority. The court will now examine this issue.

The power of the District Director is discretionary. *See U.S. v. Vaughn,* 797 F.2d 1485, 1492 (9th Cir.1986), *see also,* 19 U.S.C. § 1618; 19 C.F.R. § 171.21. As set forth above, the statute, 19 U.S.C. § 1618, explicitly states that the defendant's District Director of Customs *may* mitigate, or reduce the penalty relating to properly seized property "upon such terms and conditions as he deems reasonable and just ..." The related regulatory authority also states explicitly that the District Director of Customs *may* mitigate "on such terms and conditions as ... he shall deem appropriate ..." 19 C.F.R. § 171.21. "'[M]itigation' of a claim refers to a reduction of a certain amount of penalty. That is to say, a penalty of a sum certain will be mitigated where the [District Director] finds, for one or more reasons set out in § 1618, that the award is too harsh or unjust given a particular set of facts." *Kuehne & Nagel, Inc. v. U.S.,* 17 Cl.Ct. 11, 16 (1989) (citations omitted). In this case, the District Director determined that a reduction in penalty was warranted under the particular facts known. However, the District Director also determined that Customs should not have to bear the costs associated with the seizure and storage of the vehicles. It is submitted by the government that the District Director included the indirect overhead costs as a

"reasonable and just" and/or "appropriate" condition for the release of the seized vehicles.

 Whether the composition of the condition was within the District Director's statutory authority turns on the meaning of the language contained therein. When considering the meaning of the terms of a statute, the court must start with the plain meaning of the terms, keeping in mind that "when a statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished.'" *Metropolitan Stevedore Co. v. Rambo,* —— U.S. ——, ——, 115 S.Ct. 2144, 2147, 132 L.Ed.2d 226 (1995), *citing, Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992); *Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 603–604, 112 L.Ed.2d 608 (1991). The statute's and regulation's use of "terms" and "conditions," words in the plural, suggests that Congress did not intend to limit the bases for modifying penalties to a single condition, such as actual direct storage costs. *See Id., citing,* 2A N. Singer, Sutherland on Statutory Construction § 47.34, p. 274 (5th rev. ed.1992) (" 'Ordinarily the legislature by use of a plural term intends a reference to more than one matter or thing' ") (*quoting,* N.Y.Statutes Law § 252 (McKinney 1971)); *cf.* 1 U.S.C. § 1 ("[W]ords importing the plural include the singular"). If the court accepted the plaintiff's argument, drawn to its logical conclusion, any mitigation agreement would have to be invalidated because neither the statute nor the regulation provide for any specific term or condition. If Congress had wanted to limit the range of terms and conditions available to the District Director, or limit the composition of those terms and conditions, it could have drafted language to that effect. In the absence of such language, the court will not read a meaning into the statute that simply is not there.

The District Director did exactly what the statute provides. He found certain factors to exist that permitted him to reduce the penalty amount, *if he so chose.* The District Director chose to reduce the penalty amount from over $160,000.00 (the value of the seized vehicles) to less than $10,000.00 (the amount of direct and indirect costs determined to have been incurred by Customs as a result of the seizure).[2] The court finds that the inclusion of the indirect overhead costs in the penalty amount was within the statutory authority of the District Director. Moreover, the court has determined that since the actions of the District Director were lawful, the plaintiff's Complaint should be dismissed.

The court need not discuss the remaining point of counsel.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS the defendant's motion to dismiss the plaintiff's Complaint.

**IT IS SO ORDERED.**

---

**2.** Three other conditions were imposed, but are not at issue herein.