**DEL HUR, INC., d/b/a/ Angeles Concrete Productions, Plaintiff–Appellee,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania Corp. authorized to do business in the State of Washington, Defendant–Appellant.**

No. 95–35571.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 1996.

Decided Aug. 23, 1996.

---

Charles C. Flower and Patrick Andreotti, Flower & Andreotti, Yakima, Washington, for defendant-appellant.

David M. Bendell, Sequim, Washington, for plaintiff-appellee.

Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.

ALARCON, Circuit Judge:

Del Hur, Inc. ("Del Hur") filed this action in the district court to enforce the terms of a performance and payment bond. The district court denied the National Union Fire Insurance Company of Pittsburgh, Pennsylvania's ("National Union") motion that dismissal of this action was compelled because of a lack of federal court jurisdiction over an action to enforce a performance and payment bond. National Union contends that the district court lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1352 because the issuance of the bond was not required by any law of the United States. We affirm because we conclude that a district court has subject matter jurisdiction over an action to enforce a bond that was executed pursuant to 24 C.F.R. § 905.170(a), notwithstanding the fact that the issuance of a performance and payment bond is only one of the four methods prescribed by the regulation to assure that the terms of a construction contract will be honored by the contractor. We also reject National Union's state law contract defense as unsupported by Washington state law.

**I**

In March of 1993, Blaze Construction, Inc. ("Blaze") executed a contract with the Lower Elwha Housing Authority ("LEHA") to construct 44 residences on the Lower Elwha Indian Reservation. Blaze entered into an agreement with National Union to provide a performance and payment bond. The Bond was executed pursuant to 24 C.F.R. § 905.170(a), the federal regulations relating to the Indian Housing Authority ("IHA"). Blaze subcontracted with Concrete Finishers by Albright ("Albright") to provide concrete for the project. Del Hur was retained by Albright to supply concrete products and related services for the LEHA project between May 19, 1993, and October 13, 1993. Del Hur claimed that Albright made only a partial payment for the concrete, leaving a balance due to Del Hur of $61,420.39.

Del Hur filed an action in the district court against National Union to recover the $61,420.39 it was owed by Albright pursuant to 28 U.S.C. § 1352. On September 9, 1994, National Union moved to dismiss Del Hur's complaint for lack of subject matter jurisdiction. On December 12, 1994, the district court denied National Union's motion to dismiss for lack of jurisdiction without prejudice because the parties had not provided sufficient information for the court to rule conclusively.

On March 23, 1995, National Union filed a motion for summary judgment. On May 10, 1995, Del Hur filed a cross-motion for summary judgment. On May 17, 1995, the district court denied National Union's motion for summary judgment, and granted Del Hur's motion.

**II**

█ National Union argues that the district court lacked subject matter jurisdiction pursuant to section 1352, because the bond was not required by a federal statute or regulation. "The existence of subject matter jurisdiction is a question of law, and our review is de novo." *Yokeno v. Mafnas,* 973 F.2d 803, 806 (9th Cir.1992).

The district court exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1352. Section 1352 provides:

*The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States,* except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.

*Id.* (emphasis added).

The district court ruled that it had subject matter jurisdiction over an action brought to enforce a bond because, pursuant to *United States ex rel. Newton v. Neumann Caribbean Int'l., Ltd.,* 750 F.2d 1422 (9th Cir.1985), a bond issued pursuant to a federal regulation is executed under a law of the United States. Here, Blaze, as principal and National Union, as surety executed a performance and payment bond to fulfill the requirement of Housing and Urban Development ("HUD") regulation 24 C.F.R. § 905.170(a) that the prime contractor provide adequate assurance of performance and payment.

National Union does not argue section 1352 is inapplicable where a bond is executed pursuant to a regulation. Instead, National Union asserts that *Neumann* is not dispositive because the federal regulation that was at issue in that matter compelled the contractor to provide a performance and payment bond. *See* 24 C.F.R. § 805.203(c) ("[t]he contractor shall be required to provide assurance in the form of 100% payment and performance bonds"). National Union notes correctly that section 905.170(a) of the Code of Federal Regulations does not require the execution of a bond to meet the requirement that performance and payment be assured. Section 905.170(a) provides as follows:

(a) *Bonding requirements.* For construction contracts for more than $100,000, each contractor shall be required to provide adequate assurance of performance and payment acceptable to HUD. Unless HUD has issued a corrective action order with respect to this function, in accordance with

§ 905.135, the IHA may approve the form of assurance without prior HUD approval.

(1) The following methods may be used to provide this assurance:

(i) Performance and payment bond for 100 percent of the total contract price.

(ii) Deposit with the IHA of a cash escrow of not less than 20 percent of the total contract price, subject to reduction, with the approval of HUD during the warranty period, commensurate with potential risk.

(iii) Letter of credit for 25 percent of the total contract price, unconditionally payable upon demand of the IHA, subject to reduction, with the approval of HUD, during the warranty period commensurate with potential risk.

(iv) Letter of credit for 10 percent of the total contract price and compliance with the procedures for monitoring of disbursements by the contractor, as approved by HUD.

24 C.F.R. § 905.170.

In its bid specifications, the LEHA required all bidders to provide a performance and payment bond.[1] National Union maintains that since section 905.170(a) specifically mandates adequate *assurance,* but does not require a contractor to provide a performance and payment bond, the district court lacked subject matter jurisdiction under section 1352.

Our duty in applying an unambiguous statute is clear. The Supreme Court has instructed that, "[w]hen we find terms of a statute unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." *Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991). We may ignore the plain words used by Congress only "in rare cases [where] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). The trial court's interpretation of section 1352 is not

---

1. The bid specification reads as follows:
"Having satisfied all conditions of award as set forth elsewhere in these documents, the successful bidder shall, within the specified period specified above, furnish bond(s) in a penal sum of at least the full amount of the contract as awarded...."

demonstrably at odds with the intention of Congress.

Section 1352 extends federal jurisdiction over "any action on a bond *executed under any law* of the United States." (emphasis added). National Union urges us to construe the phrase "executed under" to mean "required by." The plain language of the statute simply does not support such a construction. It is uncontested that National Union's performance and payment bond was "executed under" section 905.170(a). Accordingly, the district court properly exercised subject matter jurisdiction over Del Hur's claim.

National Union cites *Rader v. Manufacturers Cas. Ins. Co. of Philadelphia*, 242 F.2d 419, 427 (2d Cir.1957), to support its construction of section 1352. National Union's reliance on *Rader* is misplaced. The court in *Rader* specifically noted that the case was not an action on a bond executed under the laws of the United States. The court reasoned:

Section 1352 is also inapplicable. This is not an action "on a bond" executed under the laws of the United States within the meaning of the statute.... Plaintiffs, by their present action attack the validity of the indemnity agreement dated November 30, 1949, the confession of judgment dated December 1, 1949, and the agreement of June 12, 1952. None of these were required to be executed by any law of the United States in connection with the giving of a surety bail bond. The various agreements under attack are collateral arrangements of the surety and indemnitors and were executed to afford protection to the defendant surety company and its agents, and did not inure to the benefit of the United States.

*Rader*, 242 F.2d at 427.

National Union also mistakenly relies on *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491 (10th Cir.1995), to support its contention that section 1352 does not supply a jurisdictional basis for a bond executed pursuant to HUD regulation section 905.170. In *Chuska*, as in this case, an unpaid subcontractor filed an action to collect funds owed to it with respect to an Indian Housing Authority project.

*Chuska* is distinguishable, however, because the contractor had posted a letter of credit to provide assurance of performance and payment. *Id.* at 1495. The Tenth Circuit expressly distinguished its holding from a case in which a bond had been executed under a regulation:

Under 28 U.S.C. § 1352, the district courts have (nonexclusive) jurisdiction "of any action on a bond executed under any law of the United States, except matters within the jurisdiction of the Court of International Trade." This jurisdictional grant applies when a bond has been required by regulations having the force of law.... Accordingly, the Ninth Circuit relied on § 1352 to hold that federal·question jurisdiction could be asserted over a bond action arising out of an Indian housing authority project, *despite the inapplicability of the Miller Act*, because the bond was issued in compliance with the regulation discussed above specifying the forms of payment-assurance required for such projects. *See United States ex rel. Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1424–25 (9th Cir.1985) (citing 24 C.F.R. § 805.203(c), now 24 C.F.R. § 905.170(a) (1994)). This alternative jurisdictional basis is of no avail here, however, as § 1352 refers only to "bonds," and plaintiff, which never invoked the statute, has offered no argument for an extension of its plain terms to cover the letter. of credit issued by Zions.

*Chuska*, 55 F.3d at 1495 (citations omitted). Pursuant to federal regulation, Blaze at its option, elected to execute a performance and payment bond, furnished by National Union, who executed the bond as surety. The federal court jurisdictional requirements of section 1352 have been met in this case.

### III

 The district court also granted summary judgment as to Del Hur's state law breach of contract claim. The court rejected National Union's argument that privity of contract was required in order for Del Hur to recover its losses against the bond. National Union contends that "[t]he District Court's granting Del Hur's 'Motion for Sum-

mary Judgment' and holding Del Hur was entitled to recovery on National Union's bond, erroneously construed the Contract documents in this case and misapplied the law governing bond claims." National Union bases its argument on the fact that Del Hur was merely a supplier of materials to one of Blaze's subcontractors. National Union maintains that "there is no contractual relationship or privity between Del Hur and Blaze, LEHA or National Union."

"We review a grant of summary judgment de novo." *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996) (citation omitted). "We must determine whether the evidence, viewed in a light most favorable to the nonmoving party, presents any genuine issues of material fact and whether the district court correctly applied the law." *Warren*, 58 F.3d at 441. "Summary judgment is only proper if no material factual issues exist for trial." *Id.* (citation omitted).

■ "We review applicable state law to help determine the status of a contract. State law controls both the question of breach and construction of a contract." *In re Qintex Entertainment, Inc.*, 950 F.2d 1492, 1496–97 (9th Cir.1991) (citations omitted). Questions regarding privity requirements are also guided by state law. *See National Sur. Co. Of New York v. Ulmen*, 68 F.2d 330, 333 (9th Cir.1933) (holding that "[w]e therefore must examine 'the local law' on contracts made for the benefit of third persons who are nominally strangers thereto"), *cert. denied*, 292 U.S. 624, 54 S.Ct. 629, 78 L.Ed. 1479 (1934).

National Union argues that because there is no privity of contract between Blaze and Del Hur, "Blaze did not, and could not, become 'legally indebted' to Del Hur for the materials supplied by Del Hur to Albright." National Union's argument would require us to ignore the unambiguous terms of the bond. The bond states:

[W]e, Blaze Construction, Inc., as principal, and National Union Fire Insurance Company of Pittsburgh, Pa., as surety, are held firmly [b]ound unto Lower Elwha Housing Authority . . .

. . . .

[T]he Principal has entered into a certain Contract with the Lower Elwha Housing Authority, dated March 29, 1993, a copy of which is hereto attached and made a part hereof.

[T]he condition of this obligation is such that if the Principal shall in all respects fully perform the Contract and all duly authorized modifications thereof, during its original term . . . and if the Principal shall fully satisfy all claims arising out of the prosecution of the work under the Contract and shall fully indemnify the Lower Elwha Housing Authority for all expenses which it may incur by reason of such claims . . . and if the Principal shall make full payment to *all persons supplying labor, services, materials, or equipment in the prosecution of the work under the Contract, in default of which such persons shall have a direct right of action hereupon.*

(emphasis added).

Because Del Hur was a supplier of materials in the prosecution of work under the contract with the Lower Elwha Housing Authority, National Union was required by the terms of its bond to satisfy Del Hur's claim against Blaze's subcontractor.

National Union's privity argument is refuted by *Lobak Partitions v. Atlas Construction Co.*, 50 Wash.App. 493, 749 P.2d 716 , *review denied*, 110 Wash.2d 1025 (1988). In *Lobak*, a subcontractor brought suit against the prime contractor and his surety for unpaid dry wall construction. The subcontractor had been hired by another subcontractor and, therefore, had not dealt directly with the prime contractor. The trial court dismissed the subcontractor's claims based on lack of privity. In its decision partially reversing the trial court, the court of appeals upheld the subcontractor's claim against the bonding company. The court reasoned as follows:

[L]ack of privity does not preclude [plaintiff's] right to bring an action on [defendant's] contractor's bond. As stated in Am.Jur.:

Although there is some authority to the contrary, it is generally held that a subcontractor, as well as a laborer or materialman, may recover on a bond executed pursuant to a statute which requires of a public contractor a bond conditioned for the payment of laborers and materialmen, and provides that the bond shall inure to the benefit of such persons, or authorizes them to sue thereon. Moreover, it has been held that a subcontractor ... may recover on such a bond. Under the Miller Act, a subcontractor may recover on the prime contractor's payment bond if he has dealt directly with the prime contractor or if he has dealt directly with another subcontractor and has given the statutory notice of his claim to the prime contractor.

*Lobak*, 749 P.2d at 718–19 (quoting 17 Am. Jur.2d, Contractors' Bonds § 78 (1964)).

National Union argues that *Lobak* is inapplicable to this case, because a performance and payment bond is not required by section 905.170(a). This argument is unpersuasive. The bond was executed pursuant to the options set forth in section 905.170(a) to satisfy the regulations' requirement that payment and performance must be assured. According to its terms, it was executed to authorize all persons who provided materials to file an action for payment for goods supplied under the LEHA contract. Because the bond secured payment to "all persons supplying labor, services, materials, or equipment in the prosecution of the work under the Contract," and Del Hur was within that class, Del Hur had a right to sue on the bond.

AFFIRMED.