**UNITED STATES of America, Plaintiff,**

**v.**

**Gaspar LOPEZ–BUSTAMANTE, et al., Defendants.**

**and ConcerningJose Rodolfo Najera–Aguilar, Material Witness.**

**No. 96–CR–93–S.**

United States District Court, D. Colorado.

March 13, 1998.

David Gaouette, Asst. U.S. Atty., Denver, CO, for U.S.

Lauren Cleaver, Boulder, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on the request of Jose Rodolfo Najera–Aguilar (Najera) for payment of witness fees pursuant to 28 U.S.C. § 1821. Various hearings have been held concerning Najera, including the most recent on March 11, 1998. Plaintiff has been represented by David Gaouette, Assistant United States Attorney, and Najera has been represented by Lauren Cleaver.

## I.

Najera was indicated by the Grand Jury with various narcotics violations. He requested and received appointed counsel to represent him. In due course, Najera entered a plea of guilty pursuant to a plea agreement with the prosecution. This plea agreement included Najera's cooperation in the prosecution of other co-defendants. Najera was sentenced to a term of confinement of eighteen months.

Najera was committed to the custody of the Attorney General of the United States. With credit for pretrial confinement and good time, Najera was released from custody after service of slightly over fifteen months. Najera was to be transferred into the custo-dy of the Immigration and Naturalization Service (INS), as he is a citizen of Guatemala and is not in the United States legally.

The prosecution made a request in July, 1997 that Najera be detained as a material witness pursuant to 18 U.S.C. § 3144. The prosecution alleged that Najera had information that was crucial to its case against co-defendants. The prosecution further alleged that Najera was a flight risk, since he had completed his term of imprisonment and would leave the United States, if given the opportunity.

Najera appeared before the Court on July 18, 1997 pursuant to a warrant for his arrest. The Court determined on July 24, 1997 that Najera was a crucial witness for the prosecution. Najera was ordered detained, as the Court found that Najera would be deported if released and/or would flee to limit further involvement in the judicial process. The Court further determined that Najera could or would not return voluntarily from Guatemala if deported.

The Court authorized on August 27, 1997 that a videotape deposition of Najera would be taken. It does not appear the deposition was ever held. Then on November 4, 1997 the prosecution advised the Court that one co-defendant had entered a plea of guilty and that Najera did not need to be detained as a material witness.

Before Najera was deported, the prosecution filed on November 21, 1997 a second request that Najera be held, as another co-defendant had been arrested in El Paso, Texas and that Najera was a crucial witnesses in the prosecution of that individual. The Court appointed counsel for Najera, held a hearing, and ordered him detained as a material witness.

In December, 1997, Najera through his counsel made a request for witness fees pursuant to 28 U.S.C. § 1821. The prosecution initially agreed in December, 1997 that Najera should be paid the daily witness fee of $40.00, as authorized by 28 U.S.C. § 1821(b). Another Magistrate Judge of this Court ordered the fees to be paid.

On March 5, 1998, the prosecution advised the Court that the last remaining co-defen-

dant had entered into a plea agreement. That agreement was executed through use of Fed.R.Crim.P.20 in the United States District Court for the Western District of Texas. Therefore, there was no need for Najera to remain in the United States. The prosecution, though, argued that Najera was an illegal alien and had been ordered deported. Therefore, it was argued that Najera was not entitled to witness fees.

The Court continued the matter until the hearing on March 11, 1998 in order to allow counsel to argue the issue. The Court then entered an oral ruling, indicating that this written opinion would follow.

## II.

There is no dispute that Najera had finished his term of imprisonment in 1997. He was not deported to Guatemala solely because he was incarcerated at the request of the prosecution as a material witness. There is no question that as of March 5, 1998 Najera was no longer needed by the prosecution, as the last codefendant had entered his plea of guilty pursuant to a plea agreement.

Najera has requested that he receive the daily witness fees since he was incarcerated solely as a material witness and was unable to depart from the United States. The prosecution has opposed the request, arguing that payment of a fee is prohibited by law and would constitute an unjust enrichment.

The Court notes that Congress has provided for witness fees and mileage for witnesses. 28 U.S.C. § 1821(b). The statute reads as follows:

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

Congress further provided for material witnesses as follows:

> When a witness is detained pursuant to section 3144 of title 18 for want of security for his appearance, he shall be entitled for each day of detention when not in attendance at court, in addition to subsistence, to the daily attendance fee provided by subsection (b) of this section.

28 U.S.C. § 1821(d)(4).

The prosecution argued that Najera was not entitled to $40 per day while detained as a material witness. The prosecution pointed to 28 U.S.C. § 1821(e) and 28 C.F.R. § 21.3. The former reads as follows:

> (e) An alien who has been paroled into the United States for prosecution, pursuant to section 212(d)(5) of the Immigration and Nationality Act (8 U.S.C. 1182(d)(5)), or an alien who either has admitted belonging to a class of aliens who are deportable or has been determined pursuant to section 242(b) of such Act (8 U.S.C. 1252(b)) to be deportable, shall be ineligible to receive the fees and allowances provided by this section.

The latter regulation reads, in part, as follows:

> (b) Aliens entitled to payment of $1 per day. An alien who is "excludable" in accordance with 8 U.S.C. 1226, but whose removal is stayed by the Attorney General (in accordance with 8 U.S.C. 1227(d)) because:
>
> (1) The testimony of the alien is necessary on behalf of the United States in the prosecution of offenders against the United States, or
>
> (2) The testimony of the alien is necessary on behalf of an indigent criminal defendant in accordance with Rule 17(b) of the Federal Rules of Criminal Procedures, is entitled to a $1 per day witness fee. No other fees and allowances are authorized.
>
> (c) Aliens not entitled to payment. An alien who has been paroled into the United States for prosecution pursuant to 8 U.S.C. 1182(d)(5) ...., or an alien who has admitted belonging to a class of aliens who are deportable, or an alien who has been determined pursuant to 8 U.S.C. 1252(b) to be deportable ...., is prohibited from receiving fees and allowances in accordance with 28 U.S.C. 1821(e).
>
> (d) Doubtful cases. If the Immigration and Naturalization Service advises that the alien has admitted deportability, or that he or she was paroled into the United States

for prosecution, or that deportation proceedings have been completed against the alien with a result favorable to the Government, no payment under 28 U.S.C. 1821 may be made.

The prosecution argued that these provisions prohibit payment to Najera because it is not disputed that he is in a deportable status.

The United States Supreme Court examined 28 U.S.C. § 1821 in *Hurtado v. United States*, 410 U.S. 578, 93 S.Ct. 1157, 35 L.Ed.2d 508 (1973). In that case, plaintiffs were citizens of Mexico who had been detained as material witnesses for criminal cases pending in the United States. All plaintiffs had entered the United States illegally. All were unable to post bond in order to be released from custody.

In *Hurtado*, plaintiffs argued that they were entitled to the full witness fee for each day they remained in custody. The government argued that plaintiffs were not entitled to any payment except for the days when a plaintiff was actually in attendance at court. The Supreme Court disagreed with these interpretations. The Court, in part, held:

> We conclude that a material witness who has been incarcerated is entitled to the $20 compensation for every day in confinement during the trial or other proceeding for which he had been detained.... Because the Court of Appeals upheld a construction of the statute that would allow the $20 to be paid to incarcerated witnesses only for those days they actually appear in the courtroom, its judgments must be set aside.

*Id.* at pp. 586–87. The Court went on to hold that $1 per day, as authorized by the language of § 1821 as it was then written, would be payable for each day prior to judicial proceedings commencing. The Court refused to find the $1 per day level unconstitutional, holding that "the Constitution provides no license to impose the levels of compensation we might think fair and just." *Id.* at p. 591.

Section 1821 was re-examined by the Supreme Court in *Demarest v. Manspeaker*, 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991). Plaintiff in that case had been subpoenaed to testify for the defense at a criminal prosecution in this Court. Plaintiff was

serving a sentence in the Colorado Department of Corrections, and he made a request for payment of witness fees after conclusion of his testimony. An order was entered denying the fees, based upon the belief that a person who is incarcerated is not entitled to witness fees if subpoenaed to testify in a criminal matter. The Supreme Court disagreed, finding that the statute was clear. *Id.* at p. 189. The Court held that plaintiff was entitled to be paid the daily rate for attendance pursuant to the subpoena served upon him.

As a result of the *Demarest* decision, Congress added an additional section to § 1821.

> (f) Any witness who is incarcerated at the time that his or her testimony is given (except for a witness to whom the provisions of section 3144 of title 18 apply) may not receive fees or allowances under this section, regardless of whether such witness is incarcerated at the time he or she makes a claim for fees or allowances under this section.

This section prohibited payment of fees for a witness in custody, but excluded this provision from applying to detained material witnesses.

The statute provides that a material witness is entitled to the daily attendance fee *if detained*. Congress provided in its amendment to § 1821 that an incarcerated witness was not entitled to witness fees, unless the person was a material witness pursuant to 18 U.S.C. § 3144. As in *Demarest*, the clear language of the statute indicates that a detained material witness is to be provided subsistence and the daily witness fee.

The Court finds that § 1821(e) applies to aliens who are not detained as material witnesses. An alien subpoenaed from an INS detention facility who is deportable is not entitled to the witness fee. The regulation relied upon by the prosecution is not inconsistent with this. The Attorney General has provided that an alien "whose removal is stayed" in order to be a witness is entitled to $1 per day. This means a witness who was in INS custody and whose departure from the United States was stopped for a period of time to allow testimony. The provisions of

28 C.F.R. § 21.3 do not affect the provisions of § 1821(d)(4) and (f).

The prosecution chose to seek an order detaining Najera as a material witness. That decision was not improper under the circumstances faced at the time. Once the order was entered detaining Najera as a flight risk, he was entitled to payment pursuant to § 1821(d)(4). Congress made the decision to compensate those detained as material witness at the rate of $40 per day. As in *Hurtado*, it is not this Court's prerogative to question that policy decision.

Najera would have been deported to Guatemala, as he had finished his term of imprisonment. Once he was placed back into custody as a material witness, he was entitled to the daily witness fee. *Hurtado* is still controlling, and has been strengthened by *Demarest*. Najera is entitled to the amount set forth in the previous order of March 5, 1998.

IT IS HEREBY ORDERED that the United States shall compensate Jose Rodolfo Najera–Aguilar in accordance with 28 U.S.C. § 1821(d)(4) and shall pay the amount set forth in the order of March 5, 1998.