**UNITED STATES of America,**
**Plaintiff(s),**

v.

**Gerardo ALANIZ–TEJADA,**
**Defendant(s).**

**No. CIV.A. 00–CR–49–N.**

United States District Court,
D. Colorado.

April 11, 2001.

## ORDER

COAN, United States Magistrate Judge.

Before the Court are Ricardo Lopez–Turrubiartes' Motion for Government to Pay Witness Fees...[filed March 8, 2001],

and Ramiro Ochoa–Villanueva's and Pedro Barron–Hernandez' identical verbal motions of the same date. All three movants request the payment of witness fees pursuant to 28 U.S.C. § 1821(d)(4).

## I. Background

On February 20, 2001, the court granted the government's motion under 18 U.S.C. § 3144, for the designation and arrest of the following persons as material witnesses in this alleged alien smuggling case: Ramiro Ochoa–Villanueva, A78 549 612; Ricardo Lopez–Turrubiartes, A78 549 601; Miguel Martinez–Aranda, IA78 549 602; and Pedro Barron–Hernandez, A78 294–564. Three days later, on February 23, 2001, the Court ordered all four material witnesses detained. Each had been arrested by Denver Police and the INS after they had been found in an alien smuggling load in Denver. Moreover, prior to their designation as material witnesses and subsequent detention, each had admitted to INS officials that he belonged to a class of aliens who are deportable; and each was determined to be deportable by the INS prior to designation as material witnesses.

The movants' depositions were taken on March 5 and 6, 2001. Lopez–Turrubiartes was detained in the Federal Detention Center as a material witness from February 20, 2001 and was released on March 8, 2001. Barron–Hernandez and Ochoa–Villanueva were both detained in the Center on February 21, 2001 and released on March 8, 2001.

The three aliens now argue that they are entitled to $40 a day compensation as material witnesses pursuant to 18 U.S.C. § 1821(b). The Government opposes their requests and maintains that the witnesses are deportable aliens, making them ineligible for witness fees.

## II. Analysis

The payment of witness fees is generally governed by 28 U.S.C. § 1821(a)(1), which provides:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section...

(B) A witness shall be paid an attendance fee of $40 per day for each day's attendance.

28 U.S.C. § 1821(a)(1) and (b) (emphasis added).

With reference to detained material witnesses, § 1821(d)(4) further provides:

When a witness is detained pursuant to section 3144 of title 18 for want of security for his appearance, he shall be entitled for each day of detention when not in attendance at court, in addition to his subsistence, to the daily attendance fee provided by subsection (b) of this section.

Another subsection addresses deportable aliens and their receipt of witness fees; § 1821(e) states:

An alien who... either had admitted belonging to a class of aliens who are deportable or has been determined pursuant to section 240 of such Act (8 U.S.C. 1252(b)) to be deportable *shall be ineligible to receive the fees or allowances provided by this section.*

(Emphasis added).

Further, the Code of Federal Regulations classifies aliens with respect to the payment of fees; it states, in pertinent part:

(a) Aliens Entitled to Payment of $30 Per Day. The following aliens are entitled to witness fees and allowances provided in §§ 21.4:... Aliens who have rendered themselves amenable to deportation proceedings, but have not admitted deportability or have not been determined to be deportable pursuant to Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252)

(b) Aliens Entitled to Payment of $1 Per Day. An alien who is "excludable" in accordance with 8 U.S.C. 1226, but whose removal is stayed by the Attorney General (in accordance with 8 U.S.C. § 1227(d)) because: (1) The testimony of the alien is necessary on behalf of the United States in the prosecution of offenders against the United States, or (2) the testimony of the alien is necessary on behalf of an indigent criminal defendant in accordance with Rule 17(b) of the Federal Rules of Criminal Procedures, is entitled to a $1 per day witness fee. No other fees and allowances are authorized.

(c) Aliens Not Entitled to Payment. An alien who has been paroled into the United States for prosecution pursuant to 8 U.S.C. § 1182(d)(5) (documentary evidence: Form I–94, Arrival–Departure Record, Parole Edition), *or an alien who has admitted belonging to a class of aliens who are deportable, or an alien who has been determined pursuant to 8 U.S.C. § 1252(b) to be deportable* (documentary evidence: decision by a Special Inquiry Officer, Board of Immigration Appeals, or court), *is prohibited from receiving fees and allowances in accordance with 28 U.S.C. § 1821(e).*

28 C.F.R. § 21.3 (emphasis added)

Here, all three material witnesses are deportable aliens by their admissions and the actions of the INS. In support of their claim to witness fees, they rely upon the opinion of Magistrate Judge Borchers in *United States v. Lopez–Bustamante*, 999 F.Supp. 1404 (D.Colo.1998). In that opinion, Judge Borchers analyzed § 1821 and

28 C.F.R. § 21.3 and concluded that § 1821(e) does not apply to deportable aliens who are detained as material witnesses. *Id.*

With all due respect to Magistrate Judge Borchers, I disagree. I find instructive the Supreme Court's 1991 *Demarest* decision analyzing § 1821 and holding that, in strictly construing the statute and Congressional intent, since prisoner material witnesses were not specifically excluded, they were entitled to witness fees for testifying in a federal trial. *See Demarest v. Manspeaker,* 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991). The Court said

> [w]e think this analysis shows that Congress was thinking about incarcerated individuals when it drafted the statute, since it excluded them from eligibility for subsistence fees. We believe subsection (e) removes all doubt on this question, *since Congress expressly excepted another class of incarcerated witnesses—detained aliens—from eligibility for fees.* The conclusion is virtually inescapable, therefore, that the general language "witness in attendance at any court of the United States" found in subsection (a)(1) includes prisoners unless they are otherwise excepted in the statute.

*Demarest,* 111 S.Ct. at 602 (emphasis added).

■■■ I find that the plain language of § 1821(e) when read in conjunction with § 1821(a), the strict statutory construction and reasoning in *Demarest,* along with that Court's comment finding detained aliens to be ineligible for witness fees[1],

indicates that aliens who admit that they are deportable or are determined by INS to be deportable are ineligible for witness fees, whether or not detained as material witnesses. Moreover, when Congress amended § 1821 in reaction to *Demarest* to provide that prisoners were expressly excluded and therefore not eligible for material witness fees[2], it did not make any special exception for payment of those fees to deportable aliens who are also designated as material witnesses. Instead the express language of subsection (e) of the statute remained, which states unequivocally that deportable aliens are not entitled to witness fees without any exception for detention and testimony as material witnesses. The Code of Federal Regulations further bolsters the plain meaning of § 1821(e). I therefore find that the clear Congressional intent is that deportable aliens are ineligible for witness fees under any circumstances.

## III. Order

Accordingly, for the reasons stated, Lopez–Turrubiartes', Ochoa–Villanueva's and Barron–Hernandez' motions for material witness fees [March 8, 2001] are **denied.**

■■■■

1. "since Congress expressly excepted another class of incarcerated witnesses—detained aliens—from eligibility for fees..." *Demarest,* 111 S.Ct. at 602.

2. The new subsection reads; "[a]ny witness who is incarcerated at the time that his or her testimony is given (except for a witness to whom the provisions of section 3144 of title 18 apply) may not receive fees or allowances under this section, regardless of whether such a witness is incarcerated at the time he or she makes a claim for fees or allowances under this section." See 28 U.S.C. § 1821(f)