**SALUD PARA EL PUEBLO, et al., Plaintiffs,**

v.

**DEPARTMENT OF HEALTH OF THE COMMONWEALTH OF PUERTO RICO, et al., Defendants.**

Civil No. 92–2229(DRD).

United States District Court, D. Puerto Rico.

Feb. 26, 1997.

Francisco J. Rodriguez Juarbe, Ponce, PR, for plaintiffs.

Guillermo A. Macari Grillo, Hato Rey, PR, for defendants.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is the unopposed Report and Recommendation issued by Hon. Justo Arenas, U.S. Magistrate Judge (Docket No. 37), recommending that the defendants' motion for summary judgment (Docket No. 18) be granted.

## I. Standard of Review

■ Because United States Magistrate Judges are not Article III judges, they may enter judgment only when the parties have consented to have a Magistrate Judge hear their case. However, a District Court may, in its sole discretion, refer pending matters to a Magistrate Judge for a recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Of course, the plaintiff may contest the Magistrate's report and recommendation; 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> "[w]ithin ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

This statutory provision is echoed by Fed. R.Civ.P. 72(b) and Local Rule 510.2. In addition, Local Rule 510.2(A) states that "[a]ny objections to the Magistrate Judge's proposed findings, recommendation, or report must be filed with the Clerk of the Court within ten (10) days after being served with [a] copy thereof. *Failure to file objections within the specified time waives the right to appeal the District Court's order*" (emphasis added). Rules such as this one have been approved by the U.S. Supreme Court. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986) ("[w]e hold that a court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's report and recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.")

■ Pursuant to this rule, "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). See *Keating v. Secretary of H.H.S.,* 848 F.2d 271, 275 (1st Cir.1988); *Borden v. Secretary of H.H.S.,* 836 F.2d 4, 6 (1987) ("[a]ppellant was entitled to a de novo review by the district court of the recommendations to which he objected, ..., however he was not entitled to a de novo review of an argument never raised."); *United States v. Valencia–Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

## II. Analysis

To date, the plaintiffs have not filed any objections to the Magistrate Judge's report and recommendation, even though over twenty-five days have elapsed since they were notified that the report and recommendation had been issued. The plaintiffs thus no longer possesses the right to appeal this Court's decision in the instant case.

In addition, upon review of the parties' motions and of the Magistrate Judge's report and recommendation, the Court finds that there is "no clear error on the face of the

record" Fed.R.Civ.P. 72(b) Advisory committee's note (1983). Indeed, the Court approves and adopts the Honorable Magistrate Judge's Report and Recommendation in its entirety, and orders that a copy thereof be appended to this opinion and order. The Court therefore grants the defendants' motion for summary judgment and orders that the plaintiffs' complaint be dismissed with prejudice and that costs be awarded to the defendants. Judgment will be entered accordingly.

IT IS SO ORDERED.

### MAGISTRATE'S REPORT AND RECOMMENDATION

ARENAS, United States Magistrate Judge.

This matter is before the court on motions for summary judgment filed by all parties. (Docket Nos. 18, 21.)

Plaintiff Salud Para El Pueblo, Inc., filed this cause of action on September 2, 1992 alleging that the defendants Department of Health, Secretary of Health ("Secretary") and the Director of the Office of Legal Affairs of the Department of Health, deprived the residents of the medically underserved communities of Cabo Rojo, San Germán, Lajas, Sabana Grande and Hormigueros adequate health services to be provided through federally funded programs under the auspices of the Departments of Health and Human Services and Agriculture. Plaintiff, a proposed community health center, filed an informal application for a federal loan under the Rural Development Act, before the Farmers Home Administration for $6,000,-000. The loan allegedly has not and cannot be granted due to the unreasonable, illegal and unconstitutional posture of the defendants. Plaintiff alleges that it will be able to qualify to receive the benefits of the loan, and eventually the benefits of additional federal grants, once it receives a favorable decision in this action. Plaintiff seeks declaratory and injunctive relief, specifically that the Secretary of Health of the Commonwealth of Puerto Rico grant plaintiff the exemption from the procedure to grant a Certificate of Necessity and Convenience, under federal regulations cited in P.R. Laws Ann. tit. 24, § 334c. It stresses that its right to due process under the Fourteenth Amendment has been denied. A veiled First Amendment argument is made in that plaintiff's right to associate for the legitimate purposes of establishing a Community Health Center under the auspices of the federal government had been violated. Another veiled claim is later made in that the defendants have afforded disparate treatment to plaintiff in denying it the exemption from the CNC process. (Docket No. 21, at 10.)

### PROCEDURAL HISTORY

All defendants moved for summary judgment on December 8, 1993 alleging basically that the exemption sought by plaintiff in relation to the sought after certificate applies to health facilities that offer services to hospitalized patients, but that plaintiff's project will offer services to ambulatory patients, not to hospitalized patients. (Docket No. 18.)

Along with the dispositive motion, the defendants filed a Local Rule 311.12 statement (Docket No. 18), later filing a similar 311.12 statement on March 1, 1994, and amending such statement on March 17, 1994. (Docket No. 30.)

Under 42 U.S.C. § 254c(b)(4)(A), the Secretary of Health and Human Services must consider comments of the chief executive officer of a state, and of local officials before designating an area as medically underserved or with a shortage of personal health services. In accordance with P.R. Laws Ann. tit. 24, § 332e, the Secretary must hold hearings and consider all interested parties before implementing a state plan for construction and modernization of health facilities in such areas. An application for the construction of health facilities must be submitted in the first instance to the Secretary and must comply with federal and state requirements. See P.R. Laws Ann. tit. 24, § 332h. P.R. Laws Ann. tit. 24, § 332i, states that such application must comply with the state plan. The Certificate of Necessity and Convenience must be obtained before a health facility can be constructed, or a new health service developed. P.R. Laws Ann. tit. 24, § 334a.

Plaintiff, in opposing the motion for summary judgment and in seeking summary judgment (Docket No. 21), rests to a great extent on a remark or statement by the Secretary made at a hearing held on January 17, 1992, (and the minutes of such hearing) that he was approving the application to commence operating as a community health center, and was therefore granting the exemption from the required procedure for the certificate to Salud Para El Pueblo, Inc. The Secretary reversed this announcement on the following day, and notified plaintiff that it had to comply with the procedure to obtain the Certificate of Necessity and Convenience.

The defendants opposed plaintiff's motion for summary judgment on March 1, 1994 (Docket No. 25), and amended such opposition on March 17, 1994. (Docket No. 31.)

*HISTORICAL BACKGROUND*

In 1990, more than half (55.3%) of the 890,000 Puertorican families on the island lived under poverty conditions. In the municipalities mentioned above, the poverty rate was 58.1%, 47.6%, 55.6%, 61.4% and 56.7%, all of this according to the United States Department of Commerce 1990 census. The median family income on the island was $9,988 and the infant mortality rate was about 13 per 100,000 live birth, very high for the United States. *See* 42 U.S.C. § 254c(g)(2)(C). The unemployment rate for these five municipalities was about 21%. Indeed, the practical if not qualifying need for the service plaintiff proposes to give the community is reflected not only in plaintiff's memorandum of law, but also becomes apparent from the 1990 Census, as well as from the letters from public figures which support the need to provide the proposed services.

Recognizing the need for better health care, the Secretary of Health and Human Services is empowered to make grants to public and nonprofit private entities for projects to plan and develop community health centers which will serve medically underserved populations. *See* 42 U.S.C. § 254c(c)(1). In implementing the statutory scheme of making grants to community health centers, the Secretary of Health and Human Services may enter into agreements with the states to analyze the need for primary health services for medically underserved populations with such state. *See* 42 U.S.C. § 254c(h)(1). Puerto Rico has a comprehensive statutory scheme to implement the awarding of federal grants for health facilities and to establish the criteria for issuing or denying the certificate of necessity and convenience. *See* P.R. Laws Ann. tit. 24, § 334b.

The Statement of Motives of Act No. 16 of September 19, 1983 reads in this respect as follows:

The orderly planning of health facilities and service is indispensable to handle the health needs of the population adequately; to control the costs of health services and to see to it that these services are rendered in those population nuclei where they are most needed.

To achieve these objectives it is indispensable to offer only those health services, incur in such capital investments, or acquire such highly-specialized medical equipment whose public need and convenience have been previously determined by the Secretary.

Law No. 16, September 19, 1983, sec. 2, statement of motives, p. 386. The Act makes it compulsory for any person who will construct a health facility to apply for and obtain a certificate of necessity and convenience granted by the Secretary of Health. Exemptions are allowed for centers receiving hospitalized patients.

*SUMMARY JUDGMENT STANDARD*

The standard for summary judgment is well settled. Summary judgment should be granted when there is no genuine issue as to any material fact and only if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Hughes v. Boston Mut. Life Ins. Co.,* 26 F.3d 264, 268 (1st Cir.1994); *Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d 87, 90–91 (1st Cir. 1994).

The first part of the standard deals with the issues of fact and is regulated by a shift in burden. The moving party only needs to

aver an absence of evidence to support the non-moving party's case. *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994). Once the moving party satisfies this requirement, the burden then shifts to the non-moving party. *Hughes v. Boston Mut. Life Ins. Co.,* 26 F.3d at 268; *Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d at 91. A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Government Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of the suit under the governing law. *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d at 581; *see Morris v. Government Dev. Bank of Puerto Rico,* 27 F.3d at 748.

Although at the summary judgment stage any genuine issues of material fact warrant denial of the motion and must be reserved for trial, failure of the nonmoving party to support its opposition with strong competent evidence mandates the moving party's version of the facts to be taken as admitted, and the only remaining issue would be one of law. *See LeBlanc v. Great Am. Ins. Co.,* 6 F.3d at 841. This is the reason why to oppose the motion for summary judgment, the nonmoving party must not rest upon mere allegations or denials. *Hughes v. Boston Mut. Life Ins. Co.,* 26 F.3d at 268. It must present definite and competent evidence in support which cannot be conjectural or problematic and must have substance "in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." *Id.* "Proof based on arrant speculation, optimistic surmise or farfetched inference will not suffice." *Kelly v. United States,* 924 F.2d 355, 357 (1st Cir.1991) (citation omitted).

In this district, Local Rule 311.12 assists the court in dealing with these mechanics. It requires the parties to file a separate statement of material facts as to what they allege are or are not at issue, respectively, with specific references to the record. *See United States District Court of Puerto Rico. Local Rules of the Court Rule* 311.12 (Butterworth de Puerto Rico 1994); *see also Laracuente v. Chase Manhattan Bank,* 891 F.2d 17, 19 (1st Cir.1989); *Alvarado–Morales v. Digital Equip. Corp.,* 843 F.2d 613, 615 (1st Cir. 1988); *Garcia v. American Airlines. Inc.,* 673 F.Supp. 63, 67 (D.P.R.1987). Both the plaintiffs and the defendant have included with their respective motions the requisite 311.12 statement, although plaintiff's "Counter Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Motion for Summary Judgement" (Docket No. 21) does not distinguish between which material facts allegedly not in issue are controverted, and which material facts are presented as not requiring a trial to establish them.

## ELEVENTH AMENDMENT IMMUNITY

All personal defendants have been sued in their official capacity only. There is some confusion as to whether their personal capacity is involved since plaintiff mentions damages in its memorandum of law, and because it seeks prejudgment interest in a case which to the trained or untrained eye seeks declaratory and injunctive relief but no damages from any of the defendants. Since declaratory and injunctive relief are the sole remedies apparent, no findings in relation to sovereign immunity and damages need be made, except that all defendants are immune from the same.

## DUE PROCESS

Among the constitutional challenges that plaintiff raises is a violation of Due Process under the Fourteenth Amendment, which provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. However, it is not clear how it is that plaintiff's right to due process has been violated. If a substantive due process claim is presented, then such a right must be clearly defined and plaintiff has not clearly defined the same before this court. Substantively, it is difficult to discern a property right in either the certificate or the funds which plaintiff is seeking. *See, e.g., Cervoni v. Secretary of Health, Educ. & Welfare,* 581 F.2d 1010, 1018 (1st Cir.1978); *cf. Uptown*

*People's Community Health Servs. Board of Directors v. Board of Commrs. of Cook County,* 647 F.2d 727, 734 (7th Cir.1981). Property rights are defined by state law and no right may be derived from an action which is reasonably based upon statutory authority. Plaintiff's being required to comply with a statutory scheme implementing an unambiguous statute cannot trigger a due process violation. Furthermore, the fact that an agency might at some time have violated its own rules does not by itself create a due process violation. *Cf. United States v. Caceres,* 440 U.S. 741, 751 n. 14, 99 S.Ct. 1465, 1471 n. 14, 59 L.Ed.2d 733 (1979).

Procedurally, due process requires that plaintiff be given fair notice and the opportunity to be heard. However, plaintiff must establish a protected right to trigger a procedural attack and must at very least shown that no viable alternative state remedy exists. *Cf. Moody v. Town of Weymouth,* 805 F.2d 30, 33 (1st Cir.1986). A viable procedural due process claim must demonstrate a "deprivation by state action of a constitutionally protected interest in 'life, liberty, or property'... without due process of law." *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 32 (1st Cir.1996); *Lowe v. Scott,* 959 F.2d 323, 340 (1st Cir.1992) (quoting *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990)). Such an interest has not been even ill-defined. Furthermore, plaintiff sought reconsideration of the Secretary's determination, which reconsideration was denied because plaintiff's project did not comply with the definition of an agency qualifying for exemption, since it was a new project. Plaintiff could have continued the procedures provided by the state and ultimately sought review of the Secretary's action or inaction in Superior Court. P.R. Laws Ann. tit. 24, § 334f–9.

*FREEDOM OF ASSOCIATION*

Plaintiff raises an ethereal right to associate for the purpose of establishing a community health center. This right of association is not defined by plaintiff who must convince the court that it should consider a constitutional issue when the same may be resolved by undertaking the traditional role of statutory interpretation, forsaking unnecessary constitutional interpretation.

*DISPARATE TREATMENT*

■■■ Plaintiff alleges that it received treatment different than that received by other agencies similarly situated. There is no evidence submitted to support the statement except for the attested statement itself. Such evidence is not competent since no basis for the acquisition of the knowledge in relation to the same is provided and it appears from its face to have been acquired through reliance on inadmissible evidence. Furthermore, a government official exercising discretionary functions, which at times the Secretary performs, cannot ignore the clear letter of the law.

In view of the above, I find that there are no genuine issues of material fact, and therefore recommend that the court enter the following

FINDINGS OF FACT

1. Plaintiff Salud Para El Pueblo, Inc., is a non-profit entity incorporated under the laws of the Commonwealth of Puerto Rico and founded to provide health services of the communities it will serve, in particular to promote health through primary level services geared to the elderly, women, youngsters, disabled and adults in general. (Plaintiff's Certificate of Incorporation.) The defendants are the Department of Health of the Commonwealth of Puerto Rico, the Secretary of Health of the Commonwealth of Puerto Rico and the Director of the Office of Legal Affairs of the Department of Health.

2. On October 27, 1991, plaintiff submitted an application for federal funds to co-defendant Secretary of Health. Plaintiff requested to be exempted from having to comply with the administrative requirement of seeking a certificate of needs and benefits, as it was making an application for federal funds.

3. A hearing was held on January 17, 1992 pursuant to P.R. Laws Ann. tit. 24, § 332i. At such hearing the Secretary found that the application complied with federal and local standards and remarked that he

was approving the application to operate a community health center and was granting the exemption to plaintiff from having to comply with the process of obtaining a certificate of needs and benefits. (Complaint, Exhibit 3.)

4. A day or days after the hearing, the Secretary reconsidered its previous statement or determination and informed plaintiff that it had to obtain the Certificate of Necessity and Convenience. (Defendants' Motion for Summary Judgment, Exhibit A.)

5. Plaintiff sought reconsideration of the Secretary's decision. Reconsideration was denied and proceedings to obtain the CNC were initiated. However, plaintiff failed to complete the process, insisting on exemption. (*See* Defendants' Motion for Summary Judgment, Exhibits F, G.)

6. While projected to provide many services to the community, the Community Health Center offered to provide preventive and primary medical, diagnostic, therapeutic and rehabilitation services to ambulatory patients, not to hospitalized patients. By its clear terms, the exemption allowed by P.R. Laws Ann. tit. 24, § 334c applies to hospitalized patients and plaintiff's health center will not have hospitalized patients.

7. On August 10, 1992, the mayor of Cabo Rojo, where the planned center would be located, endorsed plaintiff's project, described as a diagnostic and treatment center which includes a pharmacy, x-ray facilities, and clinical laboratory.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the action under 28 U.S.C. §§ 1331, 2201, 2202 and 42 U.S.C. § 254c.

2. The Public Health Service Act provides for the establishment of Community Health Centers as such are defined in the Act. 42 U.S.C. § 254c(a). Under the Act, the Secretary of Health and Human Services can make grants to public and non-profit private entities for projects to plan and develop community health centers which will serve medically underserved populations. 42 U.S.C. § 254c(c)(1).

3. A health facility such as that proposed by plaintiff must obtain a Certificate of Necessity and Convenience before it is granted a license. P.R. Laws Ann. tit. 24, § 334a, c. In this respect, the law is clear:

No person may acquire or construct a health facility or offer or develop a new health service ... without having first obtained a certificate of necessity and convenience granted by the Secretary. A certificate of necessity and convenience shall be required for the following activities:

(i) ...

(2) The establishment of a new health facility.

P.R. Laws Ann. tit. 24, § 334a(2).

P.R. Laws Ann. tit. 24, § 334c reads thus: The Secretary shall relieve the health facilities that offer services to hospitalized patients and that comply with the exemption criteria provided by the applicable federal legislation, from the requirement of acquiring the certificate of necessity and convenience.

The Secretary, through regulations, and according to the applicable federal provisions, shall establish the procedural requirements that must be met for the acquisition of an exemption petition filed under this section.

4. The Department of Health of the Commonwealth of Puerto Rico cannot grant a valid license to operate a health center like plaintiff's without the prior CNC requirement. Act No. 2 of November 7, 1975, as amended, P.R. Laws Ann. tit. 24, § 334c, and Regulation No. 56, Department of Health approved August 14, 1986; affidavit dated March 1,1994, of Efrain Rodriguez Vigil, M.D., Assistant Secretary for the Accreditation and Regulation of Health Facilities of the Department of Health.

5. The statement of the Secretary announcing approval of the exemption conveyed no rights to plaintiff for two reasons: first, a gratuitous statement by the Secretary cannot be the source of rights which are acquired only upon compliance with a complex statutory scheme (*see* 42 U.S.C. § 254c) and second, the Secretary, notwithstanding his cabinet position and unique function in the exemption process, is not empowered by law to violate his own agency's regulations

and the laws which govern the enforcement of such regulations, particularly when to do so would go against the clear legislative intent of the violated law. *See Diaz v. Secretario de Hacienda,* 114 D.P.R. 865, 871 (1983); *Famania v. Corporacion Azucarera de P.R.,* 113 D.P.R. 654, 657–58 (1982). While plaintiff argues that the Secretary's not issuing the exemption reflects a capricious and arbitrary animus, such a decision follows the rule of law which the Secretary is not empowered to ignore. That other agencies which are arguably similarly situated received exemptions contrary to law does not create a right. Assuming that the Secretary has been erroneously ignoring the plain meaning of the statute granting exemptions in the case of health centers with hospitalized patients, erroneous ignorance is not entitled to deference. *See. e.g., MCI Telecomm. Corp. v. American Tel. & Tel. Co.,* 512 U.S. 218, 229, 114 S.Ct. 2223, 2231, 129 L.Ed.2d 182 (1994) ("an agency's interpretation of a statute is not entitled to deference when it goes beyond the meaning that the statute can bear."); *Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 603–04, 112 L.Ed.2d 608 (1991). A clear example of this is reflected in the concerned agency's erroneous interpretation of its own statute reflected in the *Bio–Medical Applications of Aguadilla, Inc.* case cited *infra.* Furthermore, that such other purported community health centers or agencies are listed in an attested counter statement of material facts (Docket No. 21) does not meet the requirement that such information be considered competent. Nor does the statement that it is an established practice in the Department of Health that community health centers funded by federal grants or allotments are exempted from going through the process of obtaining a certificate of necessity and convenience, comply with the competency requirements of evidence presented in a summary judgment motion.

6. The procedure for applying for a Certificate of Needs and Convenience, which includes the presentation of evidence, the making of fact findings by an examining officer, and the consequential decision of the Secretary of Health to grant or deny the certificate, is designed to guarantee as much as possible that the public and private interests at stake be considered. *Bio–Medical Applications of Aguadilla, Inc. v. Department of Health of Puerto Rico, Dialysis Medical Services, Inc.,* Civ. No. KAC 92–0002(906) (decision of April 21, 1992). The adoption of plaintiff's argument would require the court to ignore the implementing statute and further to ignore the clearly reasonable interpretation of the statute, consistent with the statement of motives, by the agency which is called upon to implement such statute. *See Comisionado de Seguros de Puerto Rico v. General Accident Ins. Co. of Puerto Rico,* 93 JTS 10 (1993); *Garcia Pagan v. Shiley Caribbean,* 122 D.P.R. 193, 208 (1988). Plaintiff argues that the Secretary has not enacted regulations to implement the procedure for the exemption of the Certificate of Needs and Convenience. However, the criteria to be considered in any hearing on the exemption are listed generally in P.R. Laws Ann. tit. 24, § 334b. Plaintiff has not demonstrated that it would be futile to continue with the process in which it was participating to qualify for the certificate of needs and convenience.

7. The June 1, 1993 letter of Dr. Enrique Vazquez Quintana does not grant an exemption to plaintiff from the CNC requirement. It does not grant a license to plaintiff to operate the proposed health facility. Indeed, the record is devoid of any statute or of any evidence except for the minutes of the January 17, 1992 hearing which might arguably convey some cognizable right which welcomes declaratory relief.

In summary, Salud Para El Pueblo, Inc., does not statutorily qualify to be considered for the exemption it seeks, and has defined no violation of rights of constitutional consequence. Therefore, it has no right capable of being enforced in this court to require the Secretary of Health to grant an exemption from the proceeding to apply for the needed Certificate of Necessity and Convenience.

I conclude that plaintiff is entitled to neither injunctive nor declaratory relief in relation to any of the defendants.

In view of the above findings of fact and conclusions of law, I recommend that defendants' motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied.

I therefore recommend that the court enter the following

### JUDGMENT

Judgment is hereby entered dismissing this complaint.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Paterson–Leitch Co., Inc. v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir.1988); *Borden v. Secretary of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart. Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).