**Mirella FIGUEROA–LOPEZ,
et al., Plaintiffs,**

v.

**Leoncio HILERIO–PADILLA,
et al., Defendants.**

**Civil No. 98–1325(JAG).**

United States District Court,
D. Puerto Rico.

April 30, 2002.

Frank D. Inserni–Milam, San Juan, PR, for plaintiff.

Frances R. Colon–Riveria, San Juan, PR, Gloria Robison–Guarch, Dept. of Justice of PR, Fed. Lit. Div., San Juan, PR, Miriam R. Ramos-Grateroles, San Juan, PR, Victor M. Riveria–Torres, San Juan, PR, Enrique Velez–Rodriguez, San Juan, PR, Eric Perez–Ochoa, O'Neill Fernandez Gilmore & Perez Ochoa, P.S.C., San Juan, PR, for defendant.

Puerto Rico Ports Authority, San Juan, PR, pro se.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

In its opinion and order of September 30, 1999, the Court granted co-defendants' Leoncio Hilerio Padilla ("Padilla"), Hernán Sulsona ("Sulsona") Arturo del Valle ("Del Valle") and the Puerto Rico Ports Authority ("Ports") unopposed motion to Dismiss. (Docket No. 16). Plaintiffs Mirella Figueroa ("Figueroa"), Tamaris Jusino Figueroa ("Tamaris"), Guillermo Jusino Figueroa ("Guillermo"), and Mirelys Jusino Figueroa ("Mirelys"), filed a motion for reconsideration of the Court's opinion and order. (Docket No. 39). The Court referred the pending motion to U.S. Magistrate–Judge Justo Arenas for a report and recommendation. (Docket No. 64.) Upon careful review of the Magistrate Judge's report and recommendation (Docket No. 72) the Court hereby adopts it in its entirety. Accordingly, plaintiffs' motion for reconsideration of the Court's opinion and order is hereby **DENIED.** (Docket No. 39).

## STANDARD OF REVIEW

A district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 503. The losing party may contest the report and recommendation by filing written objections within ten days of being served with a copy of the report and recommendation. The Court must then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The Court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendations. Here, plaintiffs requested an extension of time until November 9, 2001 to submit written objections to the Magistrate Judge's report and recommendation. Plaintiffs, however, failed to submit written objections to any portion of the report within the specified time and failed to request from the Court additional time to file its objections. *See Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 90 (D.P.R. 1997). Plaintiffs objections (Docket No. 76), filed on November 29, 2001, are, therefore, untimely. Accordingly, further appellate review is precluded. *See Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–151 (1st Cir.1994)(Failure to file any objections within ten days of the Magistrate Judge's report and recommendation waives the right to appeal.); *Salud Para El Pueblo v. Department of Health of the Com. of Puerto Rico*, 959 F.Supp. 83, 85 (D.P.R., 1997). The Court, however, prefers to err on the side of caution and adopt

the Advisory Committee's view that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee's note (1983) (emphasis added). Accordingly, the Court will review plaintiffs' objections and the Magistrate Judge's report and recommendation to determine whether or not the Magistrate Judge's report and recommendation was clearly erroneous. *See Nogueras–Cartagena v. U.S.,* 172 F.Supp.2d 296, 305 (D.P.R., 2001).

### FACTUAL BACKGROUND[1]

Between August 1993 and June 1996, Figueroa worked as a Security Guard for Caribbean Security ("Caribbean") at the Mayaguez Port of the Puerto Rico Ports Authority ("PRPA"). During that time, Figueroa was subjected to numerous incidents of sexual harassment by the Port's Acting Administrator, co-defendant Leonicio Hilerio Padilla ("Padilla"); and to incidents of undue pressure by the Mayaguez Airport's Supervisor, co-defendant Arturo del Valle ("del Valle"). In June 1996, Figueroa reported the incidents to Mr. Guadalberto Capdeville, Chief of the PRPA Maritime Division. Figueroa also filed a criminal complaint for defamation against Padilla with the Puerto Rico Police, but Padilla was soon acquitted from this charge.

On June 16, 1996, PRPA awarded defendant Northwest Security, Inc. ("Northwest"), the contracts for the delivery of security services at PRPA's ports, including the Mayaguez port. In June 1996, Figueroa began working for Northwest.

On April 8, and May 1, 1997, PRPA officials verbally requested Northwest to transfer Figueroa from the Mayaguez Port. On both occasions, Northwest and co-defendant Wilson Forestier ("Forestier"), Manager for Northwest and Figueroa's supervisor at the time, declined to transfer Figueroa until PRPA put its request in writing. On June 24, 1997, PRPA put its request in writing, and Forestier informed Figueroa that she was being transferred from the Mayaguez Port upon PRPA's requests.

### DISCUSSION

**A) Title VII claims against Forestier, Padilla, Sulsona and del Valle.**

 Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.2000e et seq., prohibits any employer, employment agency, or labor organization from engaging in unlawful employment practices based upon a person's race, color, religion, sex or national origin. Sexual harassment is a form of gender discrimination prohibited by Title VII. *Provencher v. CVS Pharmacy, Div. of Melville Corp.,* 145 F.3d 5, 13 (1st Cir.1998).

 The Magistrate Judge held that the complaint against co-defendants Forestier, Padilla, Sulsona and del Valle should be dismissed inasmuch as Title VII does not allow a cause of action against them as individuals. (Docket 72 at 2).

Neither the Supreme Court nor the First Circuit have ruled upon the question whether an individual can be held liable for sexual discrimination under Title VII. *See e.g. Serapion v. Martinez,* 119 F.3d 982, 992 (1st Cir.1997) (circuit has not resolved issue and has decline to address the issue); *see also Scarfo v. Cabletron Systems, Inc.,* 54 F.3d 931, 951–952 (1st Cir.1995) (same).

---

1. The Factual Background is taken from the Court's opinion and order of September 30, 1999.

This Court, however, following the majority of circuits that have confronted this issue, has held that no personal liability can attach to agents and supervisors under Title VII. *See Julia v. Janssen, Inc.,* 92 F.Supp.2d 25, 28–29 (D.P.R.2000) (citing *Diaz v. Antilles Conversion & Export, Inc.,* 62 F.Supp.2d 463, 465 (D.P.R.1999) (DRD)). *See Vicenty Martell v. Estado Libre Asociado de P.R.,* 48 F.Supp.2d 81, 87 (D.P.R.1999)(SEC); *Sifre v. Department of Health,* 38 F.Supp.2d 91, 105–106 (D.P.R.1999) (JP); *Figueroa v. Fajardo,* 1 F.Supp.2d 117, 120 (D.P.R. 1998)(RLA)(ADA); *Rivera Rodriguez v. Police Dep't of P.R.,* 968 F.Supp. 783, 785–786 (D.P.R.1997) (JP); *Moreno v. John Crane, Inc.,* 963 F.Supp. 72, 76 (D.P.R. 1997) (SEC); *Figueroa v. Mateco, Inc.,* 939 F.Supp. 106, 107 (D.P.R.1996)(PG); *Hernandez v. Wangen,* 938 F.Supp. 1052, 1063–65 (D.P.R.1996) (HL); *Anonymous v. Legal Serv. Corp.,* 932 F.Supp. 49, 50–51 (D.P.R.1996) (PG); *Flamand v. American Int'l Group, Inc.,* 876 F.Supp. 356, 361–64 (D.P.R.1994) (HL).

Based on the foregoing, plaintiffs' Title VII claim against co-defendants Forestier, Padilla, Sulsona and del Valle in their individual capacity must be **DISMISSED with prejudice.** The personal liability claims under Puerto Rico law against co-defendants Forestier, Padilla, Sulsona and del Valle will be **DISMISSED without prejudice** under the discretion this Court has to dismiss supplemental state claims under 28 § U.S.C. 1367.

**B) 42 U.S.C. § 1983 Civil Rights claims and the pertinent statute of limitations**

■ 42 U.S.C. § 1983 does not set forth a limitations period for claims brought thereunder. While federal law governs the date of accrual of the cause of action, federal courts borrow the limitations period and tolling doctrine from state law. *See Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir.1997); *Muniz–Cabrero v. Ruiz,* 23 F.3d 607, 610 (1st Cir.1994). Under Puerto Rico law, the applicable limitations period for personal injury actions—and, consequently, for plaintiffs' § 1983 claim—is one year. *See* P.R.Laws Ann. tit. 31, § 5298 (1990); *Carreras–Rosa,* 127 F.3d at 174. Under federal law, the one-year period begins to run when the aggrieved party "knows or has reason to know of the injury on which the action is based." *Carreras–Rosa,* 127 F.3d at 174; *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 353 (1st Cir.1992).

■ Here, the Magistrate Judge reasoned that the limitations period began to run when Figueroa knew that she had been the victim of sexual harassment and discrimination. (Docket 72 at 2). Taking Plaintiffs' allegations as true, Figueroa knew that she was being harassed, at the latest, in June of 1996 when she complained to Guadalberto Capdeville. Plaintiffs did not file this suit until March of 1998, more than 1 year and several months after Figueroa knew that she had been harassed. Accordingly, plaintiffs' claims under 42 U.S.C. § 1983 against co-defendants Padilla, Sulsona and del Valle are time barred, and must be **DISMISSED with prejudice.**

**C) Co–Plaintiffs Tamaris, Guillermo and Myrelys' standing to sue co-defendants Padilla, Sulsona and del Valle under 42 U.S.C. § 1983**

■ The Magistrate Judge held that co-plaintiffs Tamaris, Guillermo and Myrelys lack standing to sue co-defendants Padilla, Sulsona and del Valle under 42 U.S.C. § 1983. (Docket 72 at 2). The First Circuit has refused to find a constitutionally protected interest for family members in the companionship of a victim who

suffers a § 1983 violation. *Valdivieso Or-tiz v. Burgos,* 807 F.2d 6 (1st Cir.1986); *see also Soto v. Flores,* 103 F.3d 1056, 1061 (1st Cir.1997); *Manarite By and Through Manarite v. City of Springfield,* 957 F.2d 953, 960 (1st Cir.1992); *Pittsley v. Warish,* 927 F.2d 3, 7(1st Cir.1991). "Only the person toward whom the state action was directed, and not those incidentally affect-ed, may maintain a section 1983 claim." *Guzmán Rosa v. de Alba,* 671 F.Supp. 882, 883 (D.P.R.1987). Thus, only Mirella Fi-gueroa, and not co-plaintiffs Tamaris, Guil-lermo and Myrelys Jusino Figueroa, may recover damages for a § 1983 violation. Co-plaintiffs Tamaris, Guillermo and Myrelys Jusino Figueroa's causes of action under § 1983 are hereby **DISMISSED with prejudice.** Furthermore, Co-plain-tiffs Tamaris, Guillermo and Myrelys Jusi-no Figueroa's causes of action under state law are **DISMISSED WITHOUT PREJU-DICE** under the discretion the Court has pursuant to 28 U.S.C. § 1367.

### CONCLUSION

For the foregoing reasons the Court hereby adopts the Magistrate Judge's re-port and recommendation (Docket Nos. 72) in its entirety. Plaintiffs' motion for re-consideration (Docket No. 39) is hereby **DENIED.** Accordingly, plaintiff Figuer-oa's § 1983 cause of action against co-defendants Padilla, Sulsona and del Valle is **DISMISSED WITH PREJUDICE** for being time-barred. Plaintiff Figueroa's Title VII cause of action against Padilla, Sulsona and del Valle for individual super-visory liability is **DISMISSED WITH PREJUDICE** for failure to state a cause of action. Plaintiff Figueroa's state law claims for individual liability against Padil-la, Sulsona and del Valle are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367. Plaintiffs Tamaris, Guiller-mo and Myrelis' causes of action under § 1983 and Title VII are **DISMISSED**

**WITH PREJUDICE.** Plaintiffs Tamaris, Guillermo and Myrelis' causes of action under local law are **DISMISSED WITH-OUT PREJUDICE** pursuant to 28 U.S.C. § 1367.

IT IS SO ORDERED.